**THE UNITED STATES DISTRICT COURT**
**SOUTHERN  DISTRICT OF NEW YORK**

-------------------------------------------------------------------x    Case No.

**FELIX NKANSAH**,

Plaintiff,

-vs-                                                                                                  COMPLAINT

**UNITED STATES OF AMERICA**,
**JOHN DOES#1-36** (United States Immigration and Custom
Enforcement Agents, individually and in their official capacity),          JURY DEMAND

Defendant(s),

-------------------------------------------------------------------x

The PLAINTIFF, FELIX NKANSAH, by and through his counsels, REHAN NAZRALI and

JOEL GLUCK, Esq., complaining of the defendant(s) herein, states and alleges as follows:

<b>INTRODUCTION</b>

1.      FELIX NKANSAH ("PLAINTIFF") brings this lawsuit pursuant to *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the Constitution of

the United States, and the Federal Tort Claims Act for violations of his constitutionally protected rights

and for various torts arising from an abuse of power by United States Immigration and Customs

Enforcement (ICE) officers.

2.      PLAINTIFF is a father and a citizen of Ghana who was unlawfully restrained and

detained, assaulted, battered, subjected to intentional and negligent emotional distress, suffered civil

rights violations and subjected to deliberate medical indifference by  ICE, employees, agents personnel

and Doctors.

3.      Plaintiff is a former inmate at the Varick Street Detention Service Processing Center in

New York City and Etowah Detention Center in Gadsden Alabama and patient at the Riverview Regional

Medical Center. Plaintiff's civil and constitutional rights were violated in that he was falsely imprisoned

in contravention of the Fifth Amendment, assaulted, battered, subjected to intentional and negligent

1

emotional distress, and treated with deliberate indifference and a conscious reckless disregard to Plaintiff's serious medical condition in that he did not receive needed and necessary medical treatment for injuries he sustained as a result of the aforementioned assault and battery while incarcerated, said conduct both intentional, wanton, negligent and reckless constitutes claims under *Bivens*, and the Federal Tort Claims Act. As further set forth in this Complaint, Plaintiff has exhausted all administrative remedies.

4.     These incidents were a violation of PLAINTIFF'S civil and constitutionally protected rights. It also directly caused him to experience significant pain and suffering, physical and emotional injuries, the treatment of which has caused him to incur medical expenses. PLAINTIFF seeks relief from this Court for his injuries.

## JURISDICTION & VENUE

5.     This Court has subject matter jurisdiction over PLAINTIFF'S federal claims under 28 U.S.C. §§ 1331 and 1346(b).

6.     This Court also has supplemental jurisdiction over the state claims and over defendants pursuant to 28 U.S.C. § 1367.

7.     On or about August 8, 2017, PLAINTIFF discovered sufficient facts about the injuries and claims that formed the basis for the instant action.

8.     28USC § 2679(2)(A) expressly waives immunity for the defendants here named in their capacities as individuals and allows plaintiff to proceed against these individuals for violations of his rights guaranteed by the United States Constitution.

9.     PLAINTIFF has exhausted his administrative remedies. Pursuant to the Federal Tort Claims Act ("FTCA"), 28 USC § 2671, et seq., PLAINTIFF on or about August 9, 2017 presented his claim to the appropriate Federal agencies (Office of the General Counsel - Washington DC and U.S. Immigration and Customs Enforcement - New York Field Office) for administrative settlement under

2

the FTCA. The Federal agency has until approximately February 8, 2018, to finalize PLAINTIFF'S claim. PLAINTIFF'S Administrative claims has not yet been finalized by the Federal agencies until now. PLAINTIFF, therefore construed ICE's failure to finalize his Administrative claim as denial of the Administrative claim.

10.    This action is timely pursuant to 28 USC § 2401(a) in that it was presented to the appropriate agency within two years of accrual and this action was filed after six months of presentation of PLAINTIFF'S Administrative Claims and without final disposition of the claim by the agencies.

11.    42 U.S.C §1997(e), the Prison Litigation Reform Act, does not apply to this action in that the plaintiff has been released from jail prior to the filing of this complaint.

12.    Plaintiff has been deprived of a right secured by the Constitution and the Laws of the United States.

13.    Plaintiff has been deprived of his rights by the Defendant(s) acting under color of federal law.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1402(b) because all of the events which give rise to this action occurred within this judicial district.

## PARTIES

15.    PLAINTIFF, FELIX NKANSAH, is and at all times relevant was,, father and a resident of Corning, New York. PLAINTIFF is also a native citizen of Ghana.

16.    Upon information and belief, Defendant United States of America ("United States") is the government of the United States of America and is the appropriate defendant under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq., for the tort claims in this complaint.

17.    Upon information and belief, at all times hereinafter mentioned **THE UNITED STATES OF AMERICA** was and still is a sovereign entity named herein pursuant to the FTCA.

18.     Upon information and belief, at all times hereinafter mentioned, **THE UNITED STATES OF AMERICA** is the only proper defendant in an FTCA action, pursuant to 28 U.S.C. § 2679(d)(2), and all of Plaintiff's tort claims herein against Defendant are subsumed by the FTCA which provides an exclusive remedy for all tort suits against the government and its senior, supervisory and subordinate agents, servants and employees ("employees").

19.     Upon information and belief, at all times hereinafter mentioned the United States Department of Justice is an agency of the **UNITED STATES OF AMERICA** and as such, was and still is a federal entity named herein pursuant to the FTCA.

20.     Upon information and belief, at all times hereinafter mentioned the Immigration Customs Enforcement (ICE) Processing and Detention Facilities are  divisions, components, agents and contract partners of The United States Department of Justice and  as such, were and still are federal entities named herein pursuant to the FTCA.

21.     Upon information and belief, at all times hereinafter mentioned the 201 Varick Street Detention Service Processing Center ("VDC"), the Etowah County Detention Center ("EDC") and the Riverview Regional Medical Center ("RRMC") were and still are operated, controlled and supervised as divisions, agents, components and contract partners of ICE and as such were and still are federal entities named herein pursuant to the FTCA.

22.     Upon information    and    belief Defendant    **JOHN DOE #1**    was    the Warden/Superintendent of the Varick Street Detention Service Processing Center, and was charged with the custody and care of plaintiff while plaintiff was an inmate and or detainee of the Varick Street Center and is sued herein in his capacity as an individual and in his professional capacity insofar as he failed to establish, execute and effectuate a proper and safe code of conduct regarding the treatment of ICE detainees by ICE agents and personnel at VDC as such creating and facilitating a permissive and enabling environment tolerating the abuse and neglect of ICE detainees under his/her care and custody and further

failed to take reasonable care to monitor the conduct of ICE agents with respect to their restraint and transport of ICE detainees and failed to take the appropriate action regarding each of the grievances filed by Plaintiff with regard to his claims of mistreatment at the hands of ICE agents at VDC including but not limited to his assault, battery, excessive force and negligent medical treatment.

23.    Upon information and belief Defendant **JOHN DOE #2** was the Warden/Superintendent of the Etowah County Detention Center (EDC), and was charged with the custody and care of plaintiff while plaintiff was an inmate and or detainee of the EDC and is sued herein in his capacity as an individual and in his professional capacity in that he failed to establish, execute and effectuate a proper and safe code of conduct regarding the treatment of ICE detainees by ICE agents and personnel at EDC as such creating and facilitating a permissive and enabling environment tolerating the abuse and neglect of ICE detainees under his/her care and custody and further failed to take the appropriate action regarding and or denied each of the grievances filed by Plaintiff with regard to his claims of mistreatment at the hands of ICE agents at EDC including but not limited to his assault, battery, excessive force and negligent medical treatment wherein he has denied each of the grievances filed by Plaintiff with regard to violations of his civil and constitutional rights and medical treatment.

24.    Upon information and belief Defendant **JOHN DOE #3** was the Director/Superintendent of the RRMC, and was charged with the custody and care of plaintiff while plaintiff was an inmate and or patient of the RRMC and is sued herein in his capacity as an individual and in his professional capacity he has denied each of the grievances filed by Plaintiff with regard to violations of his civil and constitutional rights and medical treatment. he failed to establish, execute and effectuate a proper and safe code of conduct regarding the treatment of ICE detainees by ICE agents and personnel at RRMC as such creating and facilitating a permissive and enabling environment tolerating the abuse and neglect of ICE detainees under his/her care and custody and further failed to take the appropriate action regarding and or denied each of the grievances filed by Plaintiff with regard to his

claims of mistreatment at the hands of ICE agents at RRMC including but not limited to his assault, battery, excessive force and negligent medical treatment filed by Plaintiff with regard to violations of his civil and constitutional rights and medical treatment

25.     Upon information and belief and at all times hereinafter mentioned, Defendant **JOHN DOE #4**, was and is the Varick Street Center Medical Director and thus has primary responsibility for determining procedures within Varick for the medical treatment of inmates. In his professional capacity he had been informed of Plaintiff's complaint and grievances, and failed to take appropriate medical action thereto.

26.     Upon information and belief and at all times hereinafter mentioned Defendant **JOHN DOE #5** was and is a staff physician at the Etowah County Detention Center and was acting in his official capacity, however he is being sued in his "individual capacity". In his professional capacity he had been informed of Plaintiff's complaints and grievances, and failed to take appropriate medical action thereto.

27.     Upon information and belief and at all times hereinafter mentioned, Defendant **JOHN DOE #6** was and is the RRMC Medical Director and thus has primary responsibility for determining procedures within Varick for the medical treatment of inmates. In his professional capacity he had been informed of Plaintiff's complaint and grievances, and failed to take appropriate medical action thereto.

28.     Upon information and belief, Defendant **JOHN and JANE DOES # 7-19** are Immigration Customs and Enforcement Agents and or Guards assigned to or working at the VDC and or Hudson County Correction Center, a component of the United States Department of Homeland Security (DHS). At all relevant times, **JOHN and JANE DOES #7-19** were acting under color of law, as agents, employees, and/or representatives of the United States. They are sued in their individual and official capacities.

29.     Upon information and belief, Defendant **JOHN DOES # 20 -26** are Immigration

Enforcement Agents and or Guards assigned to or working at the EDC United States Immigration and Customs Enforcement (ICE), 827 Forrest Ave. Gadsden, AL 35901. a component, agent and or contractor with and or of the United States Department of Homeland Security (DHS). At all relevant times, **JOHN DOES # 20-26** were acting under color of Federal law, as agents, employees, and/or representatives of the United States. They are sued in their individual and official capacities.

30.    Upon information and belief, Defendant **JOHN DOES #27-36** are Immigration Enforcement Agents and or Guards assigned to or working at the RRMC representing  one or more members of the RRMC medical staff who was charged with the care and treatment of plaintiff while he was an inmate of EDC. The identities of **"JOHN DOES #27-36"** are not presently known, but they are believed to be employees or agents of the **UNITED STATES OF AMERICA** and are sued herein in their capacities as individuals.

31.    Upon information and belief, that at all times herein, Defendant's **"JOHN DOES #27-36** were physicians, physician assistants, registered nurses and other agents, servants and or employees of RRMC that assisted **DEFENDANT JOHN DOE #6** in the care and treatment of the  Plaintiff.

32.    During all times mentioned in this complaint, all the defendants were acting under color of Federal Law that is under the color of the Constitution, Statutes, Laws, Charter, Ordinances, Rules, Regulations, Customs, and usages of the United States of America.

33.    During all times mentioned in this complaint, the Defendants acted jointly and in concert with each other. Each defendant had the duty to comport themselves within the perimeter of the Constitution and Laws, and protect the Plaintiff from substantial risk of harm and injury, and the unnecessary pain and suffering, and act in accordance with the contemporary standards of decency and ensure that the Plaintiff's serious medical needs were secured after being "advised and aware" of the substantial risk of serious harm that could result with the Plaintiff being seriously injured.

34.    At all times relevant herein, each defendant consciously disregarded the substantial risk of harm, and with deliberate indifference refused and failed to prevent the plaintiff from sustaining serious injuries and enduring pain/suffering; thereby subjecting the Plaintiff to cruel and unusual punishment, whereby the plaintiff suffered serious injuries. Each defendant acted outside the scope of their employment, in bad faith.

35.    At all relevant times herein, the individual defendants acted jointly and in concert with each other to deprive the PLAINTIFF of his civil rights.

36.    Each individual defendant had the duty and the opportunity to protect PLAINTIFF from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing PLAINTIFF'S injuries.

## FACTUAL ALLEGATIONS PERTINENT TO ALL COUNTS

37.    On December 17, 2014, Claimant Felix Nkansah was arrested at his home in East Orange New Jersey between 7-8 AM.    He was taken to the New York Field Office and then to Varick Street and thereafter to the Hudson County Correctional Facility in Kearny New Jersey, an I.C.E. contracted facility. Shortly after his arrest on December 17, 2014, he made a complaint that unidentified ICE agents involved in his arrest had removed personal property including a lap-top, over $10,000.00 in cash and a dog from his residence. None of the items which Nkansah claimed were removed from his residence were ever recovered.

38.    On August 10, 2015 while claimant was at Hudson County Correctional Facility, he filed a grievance with ICE Enforcement and Removal Operations in New York, because a Deportation Officer, believed to be Officer Zapata denied him phone calls to legal counsel. Plaintiff also complained that funds sent by an NGO for his benefit had not been distributed to him. This Deportation Officer

threatened to transfer him from the Hudson County Correctional Facility to a far away location where his family would be unable to contact him. On August 12, 2015, he reported the same threat to other ICE officers present at his unit and made a call to the ICE 'Hot Line.' All of the above actions taken by Nkansah were lawful and proper and permitted by ICE administrative rules, and by rights preserved to him under the U.S. Constitution.

39.    Within five days of called the ICE 'Hot Line', on August 17, 2015 unidentified ICE Officers transferred him from Hudson County Correctional Facility to the detention facility located at 201 Varick Street in New York. They did so without warning and, based on information and belief of the claimant, without lawful or reasonable basis and in retaliation for the lawful and proper activity of communicating complaints in the manner provided by ICE regulations and procedures. The claimant's removal was in retaliation for complaints made to ICE that he was not allowed to make or receive phone calls, and in direct fulfillment of a threat made to him that such complaints would result in his removal to a remote facility. He also complained that money that was to have been sent to him by a NGO organization had not reached him.).

40.    Nkansah complained to ICE hotline about general conditions in the Hudson facility including inadequate heat and the facility's failure to treat an ear infection which had developed at the facility On August 17, 2015 he was removed forcibly from Hudson County Detention Facility and removed to Varick Street Processing Center.

41.    After arrival at Varick Street on August 17, 2015 he was placed in a cell by himself and then four to five officers of Defendants among those denominated at JOHN and JANE DOES # 7-19, entered the cell, pushed him down onto the floor and one of them using extreme force pushed his knee into Nkansah's back pushing him into the floor. He was struck by several Deportation Officers of Defendants among those denominated JOHN and JANE DOES # 7 -19. These actions were unprovoked by any conduct of the Plaintiff.

42.    At no time did Nkansah resist orders from the ICE officers.

43.    Notwithstanding the fact that Nkansah had never resisted any orders, he was shackled, Shackles were placed on his hands and feet, so tightly that they began to bleed.  His hands were twisted behind his back in order to restrain him. He was shackled by his hands and feet and lifted by a chain through his hands and feet causing severe injury to his nerves. Defendant ICE officers had no reasonable grounds to either shackle Nkansah or having shackled him,  lift him in  a manner calculated to injure his hands and feet. Despite his protests that the  shacking and lifting by a chain was  causing severe pain to his upper and lower extremities, the ICE Defendants did not loosen the shackles or modify the way he was being transported.

44.    As a result his extremities became numb and thereafter suffered permanent nerve damage. (See Exhibit E Physician's Certification Showing Permanent Nerve Injury and Depression) The excessive and unnecessary force used to restrain Nkansah caused permanent injury to his arms and legs, which eventually led to a diagnosis of neuropathy.

45.    On August 17, 2015 at Varick Street, after he was restrained and shackled, a hood was placed on his head during the transport to the airport and flight to Gadsden Alabama.  Nkansah  was treated in  a manner inconsistent with Constitutional  guarantees,  with norms of international law and with  commonly accepted ethical norms. Nkansah was at that time bleeding from the wrists and ankles and was screaming in pain and fear. While at Varick Street during his transport, Nkansah passed out; the ICE agents did nothing to revive him. He was taken by van to Newark Airport, his head still covered with a hood. While on the plane he briefly regained consciousness. During most of the flight he remained hooded adding to his anxiety.   Requests that his hood be removed were ignored by ICE agents transporting him.   Nkansah had never behaved in an aggressive or violent manner with any law enforcement personnel. Placing a hood over his head, was likely to and did induce extreme fear.

46.     On 8/18/2015 he was seen at Jena/Lasalle Detention Facility 830 Pinehill Road Jena LA and was transferred to Etowah County Detention Center, 827 Forest Avenue Gadsden AL 35901.

47.     On arrival in Louisiana, he was no longer hooded; he regained consciousness and reported to ICE officers that he was in severe pain from his wrists and ankles. He was removed from the plane in a wheelchair. He recalls an ICE officer saying that pictures should be taken due to his physical condition. He was unable to walk off the plane on his own. He was cleared for transport to Etowah Detention Center without medical evaluation of his numbness and loss of motor power in his legs.

48.     On 8/19/2015 he was sent by Etowah Detention Center to Riverview Regional Medical Center 600 S. 3rd Street Gadsden Alabama. The Etowah Detention Center referred Nkansah for evaluation of generalized weakness which they attributed to a hunger strike. Diagnoses made at Riverview Regional Medical Center were malaise, anorexia and depression.  Riverview Regional Medical Center failed and neglected to diagnose or treat his nerve injuries.

49.     Nkansah complained of loss of feeling in his hands and feet, and chronic earaches which had not been treated and of depression. Neither at Etowah nor at Riverview were the nerve damage complaints attended to.

50.     As a result, apart from the deliberate physical injuries resulting from assault, Nkansah posits a claim for medical negligence and deliberate indifference to his medical needs on the part of ICE Etowah Detention Facility and a Federal contractor Riverview Regional Medical Center which began when he arrived at the Detention center and continued until he was released.

51.     Nkansah remained at Etowah Detention Center from 8/19/2015 to 3/2016.  During this time his nerve injuries were untreated. He received no specialist evaluation or physical therapy. He was unable to ambulate and was housed on the second floor of the facility, where he was unable to see visitors or use the phone without assistance in getting down the stairs. Up to the date of his  release he received no treatment, notwithstanding repeated requests that his medical condition be  evaluated.

52.     Federal Employees of the Etowah Detention Center denominated as Defendants JOHN DOES # 20 -26 failed to refer Plaintiff for evaluation of nerve pain in his hands and feet, preventing him from ambulating. Said employees, named herein as JOHN DOES #20 -26 displayed deliberate indifference to his medical needs and did not make medical referrals to RRMC, a Federal Contractor. Defendant JOHN DOE 2 as Warden/Superintendent instituted practices and procedures facilitating the deliberate indifference to Plaintiff's medical needs. Defendant JOHN DOE 3 as Director of RRMC and JOHN DOES # 27—36 failed to properly diagnose and treat Plaintiff's injuries, resulting in permanent nerve damage.

53.     When he was released from Etowah he was still on crutches and walked part of the way on crutches to the local bus station. He then took a bus to Atlanta, and was met there by family.

54.     On his return to the New York City area he has been treated at Montefiore Medical Center for depression, post traumatic stress disorder and neuropathy. See Exhibit E) Presently he suffers from pain in his arms and legs, apathy anxiety and sleep disorder. Montefiore Medical Center has described his neuropathy as chronic. His current medications for the treatment of injuries and sequelae of assault and medical neglect are: celexa, gabapentin, Prazosin, and Seroquel among others for nerve pain and other related injuries.

55.     His ambulation is still impaired and he still uses a cane, has pain on prolonged ambulation and sitting. He suffers from traumatic painful recall of the events commencing 8/17/2015. Prior to these traumatic events he did not suffer from nerve pain, nor depression with interfered with the performance of activities of daily living. His need for medical care is on going and appears permanent.

56.     Upon information and belief, Defendants JOHN DOES 1-36, in violation of PLAINTIFF'S due process rights under the Fourth, Fifth and Eighth amendments did violate Plaintiff's rights and utterly ignored his claims

57.     Upon information and belief each and every one of the named individual Defendants are and or were United States agents, servants and officers who had both individual duty and an overlapping interrelated collective duty to PLAINTIFF to insure that his civil and constitutional rights were not violated but notwithstanding same, said defendants, upon information and belief, were all positioned in a linear and concatenating relation to one another in their respective offices, to individually protect and safeguard PLAINTIFF from harm  but despite being so positioned failed to intervene to prevent harm to plaintiff..

58.     Upon information and belief, defendants DOES #1-36 directly and/or indirectly contributed and/or participated in the unlawful, illegal and malicious harming and injury to PLAINTIFF by being law enforcement officers and acting under the color of law towards the arrest, detention, and/or physical injury occasioned to PLAINTIFF including the improper transferring of PLAINTIFF from Hudson County to the Etowah County without basis  and upon information and belief in retaliation for the proper exercise of rights provided to complain of  unhealthy conditions and abusive conditions.

59.     Upon information and belief, the above described incidents by the United States through its agents, servants and representatives did commit the following torts, damages and constitutional violations against PLAINTIFF: unlawful imprisonment, assault, battery, mistreatment, negligence, intentional and negligent infliction of emotional distress and due process violations under the Constitution of the United States.

60.     The  claims for relief arising under the FTCA alleged herein each constitute wrongs recognized and actionable under the laws of the State of New York.

## CAUSES OF ACTION

### I.     FIRST CLAIM FOR RELIEF

#### Assault Against Defendant United States of America   (Federal Tort Claims Act "FTCA" claim)

61.     PLAINTIFF realleges and reincorporates each and every allegations set forth in the

13

preceding paragraphs as if fully set forth herein.

62.     That the above described actions of the Defendant UNITED STATES, by and through its

agents, servants and employees, particularly ICE agents and guards DOE #1 as Warden and

DOES #7-19 working at VDC, constitutes intentional, willful, and malicious assault on PLAINTIFF in

that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and

intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF, and

that such acts caused apprehension of such contact in the PLAINTIFF, and PLAINTIFF did not consent

to such act against him;  that the conduct of said Defendants was unlawful  constituted the tort of assault

under the laws of the state of New York.

63.     By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered

sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain

and emotional upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will

be  permanently  caused  to  suffer  pain  and  inconvenience  and  other  effects  of  such  injuries;  and

PLAINTIFF  has  incurred   and  in  the  future  will  necessarily  incur  further  hospital  and/or  medical

expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future

will  necessarily  suffer  additional  loss  of  time  from  his  usual  pursuits,  duties  and  activities;  and

PLAINTIFF will be unable to pursue PLAINTIFF'S usual duties with the same degree of efficiency as

prior to this occurrence all to PLAINTIFF'S great damage.

64.     Based  upon  the  foregoing,  Defendant  United  States  Assaulted  PLAINTIFF  and

PLAINTIFF  has  been  damaged  and  seeks  relief  and  compensation  in  an  amount  not  lower  than  the

amount previously claimed before the administrative agency in this actions.

## II.        SECOND CLAIM FOR RELIEF

**Battery Against Defendant United States of America   (Federal Tort Claims Act "FTCA" claim)**

65.     PLAINTIFF realleges and reincorporates each and every allegations set forth in the

preceding paragraphs as if fully set forth herein.

66.     That the above described actions of the Defendant UNITED STATES, by and through its agents, servants and employees, particularly ICE agents and guards **JOHN DOE #1 as Warden** and **JOHN and JANE DOES #7-19** working at VDC, constitutes battery upon PLAINTIFF, when they, in a hostile and/or offensive manner, and without justification or provocation or contribution on the part of the Plaintiff, touched and pulled PLAINTIFF'S hands and maliciously placed handcuffs on his wrists, chained and shackled him without his consent and with the intention of causing harmful and/or offensive bodily contact to the PLAINTIFF and caused such battery; that the conduct of the defendants described herein was unlawful and constituted the tort of battery under laws of the State of New York.

67.     By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and PLAINTIFF has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and PLAINTIFF will be unable to pursue PLAINTIFF'S usual duties with the same degree of efficiency as prior to this occurrence all to PLAINTIFF'S great damage. That the Plaintiff was caused to suffer and continues to suffer emotional injury, loss of enjoyment of life and his usual and customary activities and social and familial relationships.

68.     Based upon the foregoing, Defendant U.S. committed battery against the PLAINTIFF and PLAINTIFF has been damaged and seeks relief and compensation in an amount not lower than the amount previously claimed before the administrative agency in this actions.

### III.    THIRD CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress Against Defendant United States of America**

**(Federal Tort Claims Act "FTCA" claim)**

69.    Plaintiff realleges and reincorporates each and every allegations set forth in the  preceding paragraphs as if fully set forth herein.

70.    That the above described actions of the Defendant UNITED STATES, by and through its agents. servants and employees, including Defendants John Does# 1-36, variously engaged in extreme and outrageous conduct, namely the aforementioned intentional assault, battery, excessive force, placing a hood over his head during transport, placing the Plaintiff in fear of his life, failure to provide proper medical care, deliberate indifference to the health and safety of Plaintiff were all actions and conduct done with the intent to cause, or with the intentional disregard of a substantial probability of causing, severe emotional distress to the PLAINTIFF.

71.    That placing a hood over the  Plaintiff's head  immediately after his suffering assault and battery,  alone  constituted an extreme, outrageous and unconscionable conduct,  outside the bounds of normal conduct, was conduct not even tolerated for those accused of terrorist activity  and caused severe fear  whose painful recall still injures the plaintiff.

72.    That due to the Defendant UNITED STATES's extreme and outrageous conduct, by and through the actions of its employees, agents or subagents, to wit the aforementioned Defendants ICE Agents, Defendants  JOHN and JANE DOES 1 -36 PLAINTIFF was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain and severe emotional distress.

73.    That the Plaintiff  was caused to suffer and continues to suffer emotional injury, loss of enjoyment of life and  his usual and customary activities and social and familial relationships.

74.     That such extreme and outrageous conduct shocks the conscious, is not expected or to be tolerated in a civilized society, and PLAINTIFF demands damages therefrom in an amount not lower than the amount previously claimed before the administrative agency in this actions.

## IV.     FOURTH CLAIM FOR RELIEF

### Excessive Force Against Defendant United States of America In Violation of Plaintiff's Fourth Fifth and Eighth Amendments   (Federal Tort Claims Act "FTCA" claim)

75.     PLAINTIFF re alleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

76.     That the above described actions of the Defendant UNITED STATES, by and through its agents, servants and employees, particularly ICE agents and guards DOES #7-19 working at VDC, constitutes excessive force upon PLAINTIFF, when they, in a hostile and/or offensive manner touched and pulled PLAINTIFF'S hands and maliciously placed handcuffs on his wrists, chained,  shackled him and lifted with said shackles in a manner and with such force that was unnecessary, disproportionate and malicious without his consent and with the intention of causing harmful and/or offensive bodily contact to the PLAINTIFF and caused such harm to same.

77.     That the  manner in which the Plaintiff was restrained was unnecessary as he had not disobeyed any ICE employee orders,  was objectively beyond a magnitude necessary to restrain and transport him and   was employed by Defendant  ICE employees manifesting  state of mind to injure Plaintiff  and to punish Plaintiff for complaints he had made at Hudson County Correctional Facility in Kearny New Jersey and his claim that ICE agents had taken or caused to be lost, substantial personal property even including a house pet.

78.     By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will

be permanently caused to suffer pain and inconvenience and other effects of such injuries; and PLAINTIFF has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and PLAINTIFF will be unable to pursue PLAINTIFF'S usual duties with the same degree of efficiency as prior to this occurrence all to PLAINTIFF'S great damage.

79.    That the unprovoked and  unwarranted use of excessive force constituted a tort under New York law and is subject to recovery under the FTCA.

80.    Based upon the foregoing, Defendant U.S. and ICE agents named herein,  used excessive force constituting tortious conduct and  in violation of rights protected by the Fourth, Fifth and Eighth Amendments  and PLAINTIFF has been damaged and seeks relief and compensation in an amount not lower than the amount previously claimed before the administrative agency in this actions.

## V.    FIFTH  CLAIM FOR RELIEF

**Negligent Infliction of Emotional Distress Against Defendant United States of America  (Federal Tort Claims Act "FTCA" claim)**

81.    Plaintiff realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

`82.    That the above described actions of the Defendant UNITED STATES, by and through its agents, servants and employees, including Defendants JOHN and JANE DOES#1-36 negligently acted by in arresting, detaining and continuing prosecuting PLAINTIFF illegally, unlawfully and without a probable cause, when they had duty of care to avoid arresting and prosecuting person who they knew, or should have known, that he should not be arrested, detained and or prosecuted again due to the existing statute of limitation against such arrest, detention and prosecution, but engaged in negligent conduct by

suppressing this information and went further and arrested, detained and prosecuted him which is not expected or to be tolerated in a civilized society.

83.     That the defendant United States by and through the named ICE agents, negligently and recklessly inflicted emotional injury on the plaintiff during their physical assault and battery of the plaintiff, putting him in imminent fear of loss of life or severe bodily injury.

84.     That said defendants failed to use reasonable care and were reckless negligent and wanton in their disregard of the foreseeable emotional injury to the plaintiff in the manner of his restraint and transport.

85.     That said acts put plaintiff in reasonable fear for his own safety and reasonable apprehension of loss of his life.

86.     That due to the Defendant UNITED STAIES's extreme and outrageous conduct, by and through the actions of its employees, agents or subagents, to wit the aforementioned Defendants ICE Agents, PLAINTIFF was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain and severe emotional distress.

87.     By the reason of the -foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional. upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and PLAINTIFF has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and. PLAINTIFF will be unable to pursue his normal and customary activity and that his enjoyment of life has been irreparably impaired.

88.    That the above acts constitute a tort under the laws of the state of New York  and are accordingly actionable under the  FTCA

89.    Based upon the foregoing, Defendant U.S. and ICE agents named herein, negligently inflicted emotional distress on the plaintiff and PLAINTIFF has been damaged and seeks relief and compensation in an amount not lower than the amount previously claimed before the administrative agency in this actions.


## VI.    SIXTH CLAIM FOR RELIEF

### False Arrest/Imprisonment Against Defendant United States of America   (Federal Tort Claims Act "FTCA" claim)

90.    PLAINTIFF re alleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

91.    That at all relevant times defendant ICE officers JOHN and JANE DOES#1-36 were agents of the UNITED STATES and acting within the scope of their duties as law enforcement officers.

92.    Upon Information and belief, these Defendants imprisoned Plaintiff unreasonably and without justification, deprived PLAINTIFF of his freedom of movement by use of physical force/authority under the law, in that they forcibly relocated him from Hudson County Correctional Facility to Etowah Detention  Center, restrained him in handcuffs and shackles and then did take him into their custody and confine and detain him in a Federal Correctional Facility; that PLAINTIFF was conscious of his loss of freedom of movement and or arrest and detention and did not consent to such confinement by Defendants, that Defendants' actions caused actual harm in the form of physical, emotional and economic injuries.

93.    That Defendants conduct was the substantial factor in causing PLAINTIFF harm and the

actions of Defendant's employees, servants and/or agents, for which the Defendant U.S. is responsible, was against the will of PLAINTIFF.

94.     That the detention and arrest of PLAINTIFF by defendants was unlawful and constitute the torts of false  arrest and imprisonment under the laws of the State of New York.

95.     That as a direct and proximate result of the actions of Defendant U.S., its employees, servants and/or agents, the Defendant United States is liable to the PLAINTIFF for the tort of False Arrest/Imprisonment

96.     That the above described acts of the  Defendants constitute a tort under New York law and are accordingly actionable under the FTCA

97.     Based upon the foregoing under the Federal Tort Claims Act the Defendant United States. falsely arrested/imprisoned PLAINTIFF and PLAINTIFF has been damaged and seeks relief and compensation in an amount not lower than the amount previously claimed before the administrative agency in this actions.

## VII.     SEVENTH CLAIM FOR RELIEF

### Prima Facie Tort Against Defendant United States of America (Federal Tort Claims Act "FTCA" claim)

**98.**     Plaintiff re alleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

99.     That the above described actions of the Defendant UNITED STATES, by and through its agents, servants and employees, including Defendants JOHN DOES 1-36,  did intentionally inflict unwarranted physical and psychological harm upon the Plaintiff which resulted in special damages, to wit Plaintiff suffers from nerve damage and depression among other injuries, and is unable to work and or be employed as he once was, and that further such injury occasioned to plaintiff  was without any excuse or justification when said Defendant's employees, agents, servants, personnel unlawfully among

21

other things, impermissibly transferred Plaintiff from Hudson County Corrections in direct retaliation for permitted and authorized conduct,  and then assaulted, battered, improperly transported him with a bag over his head causing him to suffer psychological harm and then failed to provide him with proper medical attention at the various detention centers he was transported to and housed when he requested same, and that defendants acted so when they had duty of care to avoid such acts and knew, or should have known, that these acts were illegal  and not be expected or to be tolerated in a civilized society

100.    That the acts of the  Defendant  UNITED STATES through its  employees and agents was done solely with intent to inflict injury upon the plaintiff, and did so; that said acts were unjustified and  caused the plaintiff to incur special  damages as described herein;   that said  acts of transferring and  restraining the  plaintiff would, if done without the  intent to harm and injure the plaintiff and done in a  reasonable,  civilized and proper manner be otherwise lawful and proper.

101.    That the   acts of restraining,  moving shackling the   PLAINTIFF by defendants was unlawful and constitute the a Prima Facie tort  under the laws of the State of New York and is actionable under the FTCA.

102.    That  the PLAINTIFF has been damaged and seeks relief and compensation in an amount not lower than the amount previously claimed before the administrative agency in this actions.


## VIII    EIGHTH CLAIM FOR RELIEF

### Cause of Action against the United States for Medical Negligence
### ( Pursuant to the FTCA)


103.    That the Plaintiff  repeats, reiterates and realleges each and every allegation of the preceding paragraphs  of this Complaint, as if same were fully set forth herein at length.

104.    During the course of plaintiff's incarceration, Plaintiff was at all relevant times in the custody and under the exclusive care and medical management of the individual agents, servants and or

employees of **THE UNITED STATES OF AMERICA,** and in particular, the United States Department of Justice and Immigration Customs and Enforcement, VDC, EDC and RRMC and by their agents, servants and or/employees including but not limited to the following individuals  JOHN AND JANE DOES## 1-6 and 20-36

105.    That the Defendant **THE UNITED STATES OF AMERICA**, and its senior, supervisory and/or subordinate agents, agencies, servants and/or employees, had the duty to use reasonable care in caring for the inmates and detainees under their control.

106.    During the course of Plaintiff's incarceration **THE UNITED STATES OF AMERICA** and by the actions of its senior, supervisory and subordinate agents, agencies, servants and employees, namely the  United States Department of Justice, ICE and VDC, EDC and RRMC and by their agents, servants and or/employees did in fact render medical care and services to the plaintiff and respond to plaintiff's medical complaints.

107.    During the course of the Plaintiff's incarceration **THE UNITED STATES OF AMERICA,** by the actions of its senior, supervisory and subordinate agents, agencies, servants and employees, namely the United States Department of Justice, ICE, VDC, EDC and RRMC by their agents, servants and or/employees did negligently, carelessly and unskillfully render medical care and services to the plaintiff by negligently, carelessly and unskillfully failing to provide plaintiff with the medically correct and or appropriate care and treatment for the depression, post-traumatic stress disorder and neuropathy among other injuries and conditions he suffered as a result of the assault, battery and excessive force and  threats he was subjected to by other defendant employees, agents and subagents; by negligently, carelessly and unskillfully failing to take those remedial actions that would have prevented the onset and then subsequent deterioration and worsening of plaintiffs neurological and psychological symptoms, to wit: the progressive and continuous painful swelling of his both his ankles, wrists and the psychological injury attendant to such failure of treatment; by negligently, carelessly and unskillfully

treating the pain in his arms and legs, apathy, anxiety, sleep disorder and neuropathy causing plaintiff to suffer needless pain and further deterioration in his ability to ambulate and operate under his own power; by negligently, carelessly and unskillfully failing to manage the treatment of his injuries and sequelae of assault, battery and excessive force thereby allowing same to remain and persist and become progressively worse; by negligently, carelessly and unskillfully failing to provide the appropriate and recommended remedial and palliative medical care and management that would have prevented plaintiff from suffering the onset and systematic debilitating and extensive deterioration of his capacity to ambulate under his own power; by negligently and carelessly departing from using accepted medical practices and procedures; by negligently and carelessly performing contra-indicated procedures; by negligently and carelessly failing to perform indicated procedures; by negligently and carelessly failing to follow standard and good medical practice including follow-up recommendations; and in other ways being negligent and careless in the rendering of medical care, treatment and management of the plaintiff.

108.    By reason of the foregoing negligent and careless acts of the Defendant THE UNITED STATES OF AMERICA, through the actions of its senior, supervisory and subordinate agents, agencies, servants and employees, namely the United States Department of Justice, ICE, VDC, EDC and RRMC by their agents, servants and or/employees, and by reason of the failure of said defendants to render appropriate and reasonable medical care and treatment to plaintiff he was permanently injured and deprived of the substantial possibility for a cure and/or significant lessening of the permanent effects of his injuries, was caused to experience severe physical and psychological pain and suffering requiring potential surgery and extensive treatment, incurred expenses, lost earnings and enjoyments, shortened life expectancy and in other respects was damaged.

109.    That the Defendant UNITED STATES through the actions of its senior, supervisory and subordinate agents, agencies, servants and employees, deviated from the appropriate recognized and reasonable standard of care by failing to exam the Plaintiff in response to his complaints, to conduct

necessary, appropriate and generally recognized diagnostic tests and procedures, to provide an accurate and proper diagnosis, and to prescribe and commence a reasonable course of treatment.

110.    That the failure to perform said acts or their performance in a manner departing from the generally recognized and accepted standard of care was unlawful and constituted a cause of action for medical negligence under the laws of the State of New York and was the proximate cause of prolonged and extended disability pain and suffering.

## IX.    NINTH CLAIM FOR RELIEF

**Gross Negligence in the Hiring, Training and Retention of Employees against the United States ( Pursuant to the FTCA)**

111.    That the Plaintiff incorporates by reference and realleges in their entirety the allegations in the preceding paragraph as if specifically restated herein.

112.    During the entire course of Plaintiff's incarceration from the transfer from Hudson County Detention Center to Varick Detention Center where he was assaulted, battered and a victim of excessive force and thereafter suffered medical negligence and deliberate indifference to his medical injuries and conditions at the EDC and RRMC Federal Detention centers subsumed under the DEFENDANT UNITED STATES OF AMERICA, and its senior, supervisory and/or subordinate agents, agencies, servants and/or employees were all federal employees acting in their individual capacities.

113.    At all relevant times during the course of Plaintiff's incarceration, Defendants **JOHN and JANE DOES# 1-36,** were employees of the United States as ICE officers, agents, employees and servants Defendant, UNITED STATE OF AMERICA, by and through the actions of its senior, supervisory and/or subordinate agents, agencies, servants and/or employees, to wit, the United States Department of Justice, Immigration Customs and Enforcement and the VDC, EDC and RRMC were negligent in the hiring, training and in retention of Defendants John and Jane Does 1-36, all who had affirmative duties to protect the incarcerated plaintiff, and said omissions of duty were willful, wanton,

reckless, malicious and/or exhibited a gross indifference to human life, safety and the rights of others, and more particularly the rights, life and safety of Plaintiff..

114.    That the Defendant, UNITED STATES OF AMERICA, by and through the actions of its senior, supervisory and/or subordinate agents, agencies, servants and/or employees, to wit, the United States Department of Justice, Federal Bureau of Prisons and the Metropolitan Detention Center, was negligent in the hiring, training and in retention of Defendants **JOHN AND JANE DOES #1-36** all who fostered an atmosphere which encouraged, allowed and accepted the continuation of improper and illegal behavior as to the Plaintiff's safety, rights and well-being.

115.    That as a direct and proximate result of the negligent hiring, supervision, and retention of employees by Defendant THE UNITED STATES OF AMERICA and its senior, supervisory and/or subordinate agents, agencies, servants and/or employees, Plaintiff sustained harm, injury, physical pain, mental anguish, and emotional pain and suffering.

116.    That the acts of the Defendant constitute a cause of action for negligent hiring and training under the laws of the State of New York.

117.    By reason of the foregoing, PLAINTIFF has been damaged and seeks relief and compensation in an amount not lower than the amount previously claimed before the administrative agency in this actions.

## X.    TENTH  CLAIM FOR RELIEF

**Negligence against Defendant  United States  (Federal Tort Claims Act "FTCA" claim)**

118.    PLAINTIFF re alleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

119.    That the above described actions of the Defendants, by and through its agents, servants and employees, including Defendants JOHN DOES#1-36 constitute negligence under the Federal Tort Claims Act in that these agents of the United States of America owed a duty of care to PLAINTIFF, and

26

Defendants breached that duty of care by acting in violation of the Constitution, the Immigration and Nationality Act, and New York State and federal Statutes and Regulations.

120.    Defendant's breach of duty was the direct and proximate cause and a substantial factor in bringing about PLAINTIFF'S damage in that Defendants violated New York Common Law which provides that a public entity under a mandatory duty is liable for an injury proximately caused by its failure to discharge that duty.

121.    The actions of the aforementioned Defendant agents and officers set forth in above paragraphs constitute wrongful arrest and false imprisonment, assault, battery, excessive force, prima facie tort, negligent infliction of emotional distress and others in violation of New York common law and the Federal Tort Claims Act. Under the Federal Tort Claims Act the defendant United States of America is liable to the PLAINTIFF for the unlawful actions of the aforementioned officers as they were acting within the scope of their employment as a law enforcement officers of the United States Department of Immigration Customs and Enforcement.

122.    That these aforementioned Defendant agents had a duty to exercise the protocols and due diligence typical of law enforcement under the FTCA prior to arresting, detaining, transferring, assaulting, battering, and neglecting to treat PLAINTIFF's injuries which would have required that these Defendants avoid unreasonable use of coercion, force and medical indifference in treating plaintiffs injuries occasioned by said defendants

123.    By committing the above-described acts without legal justification and without having taken reasonable precautions to avoid such harms, defendant United States and other Defendants breached their duty of care and proximately harmed PLAINTIFF.

124.    That the Defendant through its aforesaid Agents violated its duty to PLAINTIFF by among other things:  Failing to exercise the appropriate due diligence under the statute to avoid unreasonable harm and injury to the Plaintiff; failing to seek and provide all relevant and reasonable

medical care for Plaintiff; failing to properly investigate wrongdoings by defendant employees, agents, servants and other personnel; failing to intervene as and against other Defendants' sub-agents who were intentionally, recklessly and or negligently failing in their duties to PLAINTIFF; failing to properly supervise and review the negligent and or intentional wrongdoing of its sub-agents who were contravening the law and constitution; Failing in their duty to exercise reasonable care in the performance of their professional responsibilities; Failing in this duty to exercise reasonable care as it applies to the investigation, arrest,, detention, administrative processing, transportation and medical treatment of PLAINTIFF; Failing in their duty of reasonable care

125.    Defendants' actions constitute the tort of negligence under the laws of New York State and under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

126.    Based upon the foregoing, Defendant United State was negligent toward PLAINTIFF and PLAINTIFF has been damaged and seeks relief and compensation in an amount not lower than the amount previously claimed before the administrative agency in this actions.

## XI.    ELEVENTH CLAIM FOR RELIEF

### Negligent Guard Violations against Defendant United States (Pursuant to  Federal Tort Claims Act "FTCA" )

127.    PLAINTIFF realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

128.    That the above described actions of the Defendants, by and through its agents, servants and employees, including Defendants JOHN DOES#1-36 constitute negligent guard violations under the Federal Tort Claims Act in that these agents of the United States of America owed a duty of care to PLAINTIFF, and Defendants breached that duty of care by acting in violation of the Constitution, the Immigration and Nationality Act, and New York State and federal Statutes and Regulations,  including but not limited to  careless, improper  and unconscionable methods of restrain,  and transport, failure to

use reasonable care in discharging their duties and failure to comport their conduct as providers of Plaintiff's care and custody, with applicable statutes, rules, regulations and ordinances.

129.    Defendant's breach of duty was the direct and proximate cause and a substantial factor in bringing about PLAINTIFF'S damage in that Defendants violated New York Common Law which provides that a public entity under a mandatory duty is liable for an injury proximately caused by its failure to discharge the duty. The actions of the aforementioned Defendant agents and officers set forth in above paragraphs constitute negligent guard violations under the common law in the State of New York in that the John Does officers #6-16 were carelessness and or inattentive in the manner that they managed, supervised and effectuated Plaintiff's care, custody, transfer, transportation, medical care at the VDC, EDC and RRMC in violation of New York common law and the Federal Tort Claims Act. Under the Federal Tort Claims Act the defendant United States of America is liable to the PLAINTIFF for the unlawful actions of the aforementioned officers as they were acting within the scope of their employment as a law enforcement officers of the United States Department of Immigration Customs and Enforcement.

130.    That these aforementioned Defendant agents had a duty to exercise the protocols and due diligence typical of law enforcement under the FTCA prior to arresting, detaining, transferring, assaulting, battering, and neglecting to treat PLAINTIFF's injuries which would have required that these Defendants avoid carelessness, inattentiveness and unreasonable use of coercion, force and medical indifference in treating plaintiffs injuries occasioned by said defendants

131.    That the Defendants failed to use reasonable care in the manner of their restraint and custody of the Plaintiff; failed to use reasonable care in responding to his requests for assistance in treating the injuries they had inflicted; failed to use reasonable care in ignoring the requests that his shackles be loosened or removed; that the hood placed on his head be removed.

132.     By committing the above-described acts without legal justification and without having taken reasonable precautions to avoid such harms, defendant United States and other Defendants breached their duty of care and proximately harmed PLAINTIFF.

133.     Defendants' actions constitute the tort of negligence under the laws of New York State and under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

134.     Based upon the foregoing, Defendant United State was negligent toward PLAINTIFF and PLAINTIFF has been damaged and seeks relief and compensation in an amount not lower than the amount previously claimed before the administrative agency in this actions.

## XII.     TWELFTH CLAIM FOR RELIEF

### Claim for Negligent Mishandling of Bailment against the United States (Pursuant to Federal Tort Claims Act FTCA).

135.     PLAINTIFF realleges and reincorporates each and every allegations set forth in the PLAINTIFF realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein

136.     That the Defendants  wrongfully arrested the Plaintiff on December 17, 2014 at his home in East Orange New Jersey. That in the course of entering and the Plaintiff's home, Defendants seized Plaintiff's property, including, a large sum of money, personal items and Plaintiff's dog, or treated the Plaintiff's property in a negligent, reckless and careless manner that said property was lost, stolen or discarded.

137.     That the Plaintiff requested an accounting and location of his lost property, which Defendant throughout failed to provide, nor to compensate Plaintiff for its loss.

138.     That as to the Plaintiffs' property, the Defendants were bailees required to use extraordinary care in the safeguarding of Plaintiffs' property.

139.    That the property seized and held by the Defendants as bailees was lost, stolen and misplaced as a direct and proximate result of their careless, negligent and reckless conduct which breached that duty of care owed to Plaintiff causing the latter injury.

140.    That the Defendants failed to use extraordinary care in safeguarding the Plaintiffs' property entrusted to them as bailees resulting in its loss and are liable to the plaintiff.

141.    That the Defendants failed to use reasonable care and were negligent, reckless and careless in the handling of the property entrusted to them as bailees and are liable to the plaintiffs.

142.    That the Defendants are liable to the Plaintiff's for the their improper and negligent handling of the Plaintiffs' property as bailees, in an amount to be determined by the Court.

143.    Based upon the foregoing, Defendant United States was negligent in the handling of Plaintiff's property and PLAINTIFF has been damaged and seeks relief and compensation in an amount not lower than the amount previously claimed before the administrative agency in this actions. 139. Defendants' actions constitute a tort of under the laws of New York State and under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

## XIII.  THIRTEENTH CLAIM OF RELIEF

**False Imprisonment Against Defendants John Does#7-19   (Bivens claim in violation of PLAINTIFF'S Fourth Amendment Rights)**

144.    That PLAINTIFF was detained from December 17, 2014 until March 2016,, by Defendants JOHN DOES # 7-19 , who procured and/or affected said false imprisonment knowing their actions to be wrongful and malicious and without any genuine basis.

145.    That transfer of the Plaintiff from Hudson County Detention Center to VDC and then to EDC was wrongful, unwarranted and in retaliation for proper and appropriate complaints made at Hudson County Detention Center.

146.    Defendant JOHN DOE # 1 as Warden/ or Superintendent of Varick Street Detention Facility directed supervised and permitted the wrongful and malicious imprisonment of Plaintiff at Varick Street Detention Center.

147.    That Defendant JOHN DOE # 2 as Warden/ or Superintendent of Etowah Detention Facility directed and supervised the wrongful and malicious imprisonment of Plaintiff at Etowah Detention Center.

148.    That Defendant JOHN DOE # 3 was Warden /or Superintendent of the RRMC facility and directed and supervised the wrongful and malicious imprisonment of the Plaintiff at that facility.

149.    That Defendants JOHN DOES # 20-26 falsely imprisoned the Plaintiff at Etowah Detention Center to EDC United States Immigration and Customs Enforcement (ICE), 827 Forrest Ave, Gadsden, AL 35901, a component of the United States Department of Homeland Security (DHS), Said agents participated in and procured his false imprisonment . knowing their actions to be wrongful and malicious and without any genuine basis.

150.    That Defendants JOHN DOES # 27 -36 falsely imprisoned the Plaintiff at Riverview Regional Medical Center knowing their actions to be wrongful and malicious and without any genuine basis..

151.    That the actions of the Defendants, here sued in their individual capacities, as described above constituted false imprisonment in violation of PLAINTIFF'S right to be free of an unreasonable seizure and detention and to be free from a deprivation of liberty under the Fourth Amendment to the Constitution of the United States. That Defendants intended to deprive PLAINTIFF of freedom of movement by use of physical force/authority under the law; that PLAINTIFF was conscious of his loss of freedom of movement and or arrest and detention and did not consent to such confinement by Defendants, that Defendants' actions caused actual harm in the form of physical, emotional and

economic injuries. Defendants conduct was the substantial factor in causing PLAINTIFF'S harm and the actions of Defendant's employees, servants and/or agents, for which the Defendant U.S. is responsible, was against the will of PLAINTIFF.

152.    That at all times the above named defendants were acting under color of Federal Law and were exercising their responsibilities pursuant to federal law and under the directives of the Defendant UNITED STATES and its agency, ICE.

153.    That at the aforementioned time and place, the above Defendants acted, were involved and/or contributed to the actions whereon and in which PLAINTIFF was detained, transferred without his consent and in retaliation for exercise of rights provided in the U.S. Constitution and specifically authorized by Defendant United States of America and ICE.

154.    That Defendant UNITED STATES, by and through its agents, servants and employees, including and not limited to the above named JOHN and JANE DOE Defendants intended to deprive PLAINTIFF of freedom of movement by use of physical force/authority under the law; that PLAINTIFF was conscious of his loss of freedom of movement and or arrest and detention and did not consent to such confinement by Defendants, that Defendants' actions caused actual harm in the form of physical, emotional and economic injuries. Defendants conduct was the substantial factor in causing PLAINTIFF'S harm and the actions of Defendant's employees, servants and/or agents, for which the Defendant U.S. is responsible, was against the will of PLAINTIFF.

155.    That Defendants' words actions, and the charges laid by them were willful ,malicious, false, wrongful, without reason or basis and without probable cause and committed in bad faith and solely for the purpose of falsely imprisoning PLAINTIFF and damaging PLAINTIFF in his reputation and depriving him of his liberty

156.    By the reason of the foregoing, PLAINTIFF was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain

and emotional upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and PLAINTIFF has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and PLAINTIFF will be unable to pursue PLAINTIFF'S usual duties with the same degree of efficiency as prior to this occurrence all to PLAINTIFF'S great damage..

157.    Based upon the foregoing, Defendant Agents Falsely Imprisoned  PLAINTIFF and PLAINTIFF has been damaged and seeks relief and compensation in an amount  to be determined by the  Court.

## XIV. FOURTEENTH CLAIM FOR RELIEF

### Failure to Intervene Against Defendants  (Bivens claim in violation of PLAINTIFF'S Fourth and Fifth Amendments)

158.    PLAINTIFF realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

159.    That Defendants  JOHN and JANE  DOES#  1,2,3  7 – 36  had an affirmative duty to intervene on behalf of PLAINTIFF, whose constitutional rights were being violated in their presence by other officers insofar as each officer, upon information and belief, had both individual duty and an overlapping interrelated collective duty to PLAINTIFF to insure  his detention and  transfer  and the manner of his  restraint and was appropriate, conforming to Defendant United States  and ICE's own rules of conduct  and in conformity with  Constitutional  restraints under the Fourth Fifth, Eighth and Fourteenth amendments.

160.    That Defendants JOHN and JANE DOES named above failed to intervene to prevent the unlawful conduct described herein.

161.    That such conduct was extreme and outrageous and shocks the conscience, is not expected or to be tolerated in a civilized society, and PLAINTIFF demands damages therefrom.

162.    By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, and sustained damages as set forth herein

163.    That PLAINTIFF brought his Failure to Intervene action timely as provided by *Watson v United States*, 133 F Supp 3d 502, 522 [EDNY 2015] in that it was brought within three (3) years of his release from custody and thus well within the three (3) statute of limitations for a Bivens claim.

164.    Based upon the foregoing, Defendant Agents Failed to Intervene on behalf of PLAINTIFF and PLAINTIFF has been damaged and seeks relief and compensation in an amount to be determined by the Court.

## XV. FIFTEENTH CLAIM FOR RELIEF

### Cruel and Unusual Punishment (Bivens claim in violation of PLAINTIFF's Fifth and Eighth Amendment and Due Process Rights)

165.    PLAINTIFF realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

166.    That upon information and belief Defendants JOHN DOES, # 1, 7-19 acted under color of federal authority assaulted Plaintiff, wrongfully shackled Plaintiff, used excessive force to restrain and transport plaintiff and covered Plaintiff's head with a hood, causing and intended to cause severe fright and injury all said conduct violated the Plaintiff's rights under the Constitution Fifth and Eighth Amendments and Due Process Clauses.

35

167.    That the above acts were cruel and  unusual and inflicted  upon information and belief as punishment for and in retaliation  by Defendant John  Doe  ICE agents for complaints made by Nkansah as to conditions at Hudson Detention Center.

168.    That the Defendants acts of restraining the Plaintiff by  assaulting him,  shackling the Plaintiff by wrists and ankles and lifting him  by that means and placing a hood over his head, deprived Plaintiff of human dignity,  was arbitrary, unnecessary and rejected by society  depriving Plaintiff of rights to be free of cruel and unusual punishment as provided by the Eighth Amendment.

169.    That the  Defendant's seizure of Plaintiff and transport to Varick Detention Center by JOHN DOES 1, 7-19, and the manner of his transport thereafter and the deliberate acts of assault, painful restraint and  placing a hood over his head violated rights guaranteed to the Plaintiff under the Fifth Amendment Eighth Amendment and Due Process Clause of the United States Constitution.

170.    That the Defendant JOHN DOES' conduct was a deliberate abuse of governmental power,  was arbitrary and  without justification or provocation as Plaintiff had obeyed all order and instructions given to him by  Defendants and other employees,  agents of ICE and DHS.

171.    The Defendants  JOHN DOES' conduct as alleged herein was the direct cause of the violation of PLAINTIFF'S due process rights and rights to be protected from cruel and unusual punishment.

172.    As a direct and proximate result of the Defendants  JOHN DOES' conduct as alleged herein, PLAINTIFF has suffered damages in an amount to be proved at trial and determined by the Court.

173.    Based on the willful, wanton, and egregious nature of Defendants  actions PLAINTIFF is entitled to punitive damages.

174.    By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and and PLAINTIFF

has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and PLAINTIFF will be unable to pursue PLAINTIFF'S usual duties with the same degree of efficiency as prior to this occurrence all to PLAINTIFF'S great damage.

175.    That PLAINTIFF brought his Fifth,  Eighth and  Due Process action timely as provided by *Watson v United States*, 133 F Supp 3d 502, 522 [EDNY 2015] in that it was brought within three years of his release from  confinement and thus well within the three (3) statute of limitations for a Bivens claim.

## XVI.   SIXTEENTH CLAIM FOR RELIEF
### Deliberate Indifference Claim for Failure to Provide Medical Care/ and Negligent Provision of Medical Care Violating  Fourth Fifth and Eighth Amendment ( Bivens Claim)

176.    PLAINTIFF re alleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

177.    Defendant JOHN DOES  1– 36, were under a duty to provide medical care  while Plaintiff was in their care at Varick Detention Facility and at Etowah Detention Facility and failed to and were deliberately indifferent to Plaintiff's need for medical care following the  assault and shackling of Plaintiff at Varick Street Detention Center. As   a  direct  result  of  the  Defendant's  conscious  and intentional indifference to the Plaintiff's medical needs damage to his hands and feet which was treatable became a permanent  neuropathic condition.

178.    As a proximate result of the Defendant's indifference to Plaintiff's medical needs plaintiff suffered  By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and PLAINTIFF

37

has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and PLAINTIFF will be unable to pursue PLAINTIFF'S usual duties with the same degree of efficiency as prior to this occurrence all to PLAINTIFF'S great damage.

179.    That the Defendant's refusal to provide medical care was deliberate wanton and wilful and violated the Plaintiff's rights as provided under the Fifth and Eighth Amendments and the Due Process Clause of the Fourteenth Amendment.

180.    That JOHN DOE # 4 as Director of Riverview Regional Medical Center, a Federal Contractor assigned to care for detainees at Etowah Detention Center and Defendants JOHN DOES 27-36, were willful, careless and indifferent to the Plaintiff's need for adequate diagnosis and treatment. In wrongfully describing Plaintiff's medical condition as due to a hunger strike and failing to provide medical care and diagnosis, Defendants' medical neglect and deliberate indifference constituted cruel and unusual punishment, violated Plaintiff's right to Due Process under the Fourteenth Amendment.

181.    As a direct and proximate result of the Defendants JOHN and JANE DOES' conduct as alleged herein, PLAINTIFF has suffered damages in an amount to be proved at trial.

182.    Based on the willful, wanton, and egregious nature of Defendants actions PLAINTIFF is entitled to punitive damages.

183.    Plaintiff herein also incorporates a claim for relief under Monell as Defendant Wardens, Medical Directors, instituted and implemented customs and practices which encouraged and abetted the violations of the Plaintiff's Constitutional Rights set forth herein.

184.    Plaintiff demands a Jury Trial of all causes of action for which such demand may lawfully be made.

185.    Plaintiff further demands Attorney Fees and Costs and Disbursements as may be

provided at law, along with appropriate prejudgment interest to the extent permitted by law.

**WHEREFORE**, PLAINTIFF demands judgment against the defendants in in an amount not lower than the amount previously claimed before the administrative agency in this actions and or in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action and any other such relief as this honorable Court may deem just, fair and proper, to wit.

A.      Compensatory damages for torts committed against PLAINTIFF, FELIX NKANSAH in an amount not lower than  previously claimed in the  administrative agency actions.

B.  Compensatory damages for violation of constitutional rights, PLAINTIFF, FELIX NKANSAH, in a total amount not more lower than $2,500,000.00;

C.      Declaratory relief for violation of constitutional rights and for violations of the Federal Tort Claims Act;

D.      Punitive damages in in a total amount not more lower than $2,500,000.00;

F.      Pursuant to Section 1988, an award of reasonable attorneys' fees, costs, and expenses of litigation; and as permitted by law prejudgment interest.

G.      Such additional and further relief as the Court may deem just and proper.

Dated: New York New York
          October 31, 2018

REHAN  NAZRALI,  Esq.
JOEL M.  GLUCK  Esq.
305 Broadway, 14th Floor
New York, NY 10007
 Tel: (212) 897-5882
rnazraliesq@gmail.com

39

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN  DISTRICT OF NEW YORK**

------------------------------------------------------------------x      Case No.

**FELIX NKANSAH**,

Plaintiff,

   -vs-                                                                                    COMPLAINT


**UNITED STATES OF AMERICA**,
**JOHN DOES#1-36** (United States Immigration and Custom
Enforcement Agents, individually and in their official capacity),

Defendant(s),

---------------------------------------------------------------------------------------------------------

COMPLAINT

---

REHAN NAZRALI. Esq.
JOEL M. GLUCK,  Esq.
Attorneys for Plaintiff(s)
305 Broadway Suite 14th Floor

New York, N.Y. 10007

Telephone: 212 8975882

Nazraliesq.@gmail.com
