UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
           :
FELIX NKANSAH,           :
           :
           *Plaintiff*,           :           18-cv-10230 (PAC) (SLC)
           :
    -against-           :
           :           **ORDER ADOPTING REPORT**
UNITED STATES OF AMERICA and JOHN  :           **AND RECOMMENDATION**
DOES # 1–36, *individually and in their official*  :
*capacities*,           :
           :
           *Defendants*.           :
-------------------------------------------------------------X

        Plaintiff Felix Nkansah brings this action against the United States and thirty-six "John Doe" defendants, alleging he was injured while in federal custody in New York and Alabama. Nkansah now seeks to amend his complaint to substitute those John Doe defendants with individuals identified by the Government in its initial disclosures.

        Magistrate Judge Sarah L. Cave issued a Report and Recommendation ("R&R") concluding that amending Nkansah's complaint would be futile. *See* R&R 1 (ECF No. 74) (attached *post*).[1] She determined the *Bivens* claims[2] against the individual defendants were barred by the applicable statute of limitations—either New York's or Alabama's, depending on the claim—by the time Nkansah had filed his complaint. Because the complaint itself was untimely, Magistrate Judge Cave reasoned that any amendment relating back to that pleading would be futile under Federal Rule of Civil Procedure 15(c). Magistrate Judge Cave also found that an administrative filing with Immigrations and Customs Enforcement (called a SF-95) could not stand

---

[1] The R&R thoroughly describes the facts and the parties' arguments. As neither side objects to the R&R's recitation of the facts and the Court finds no error in it, the Court adopts the R&R's statement of facts. Familiarity with the R&R is assumed.

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1

in for Nkansah's untimely complaint to satisfy Rule 15(c)'s requirements for amendment. Accordingly, Magistrate Judge Cave recommended denying Nkansah's motion to amend.

Magistrate Judge Cave issued the R&R on August 30, 2021. Nkansah filed objections to the R&R on September 13, 2021. *See* Pl.'s Objection Ltr. (ECF No. 75). The Government responded to Nkansah's objections on September 27, 2021 and did not raise any objections of its own. *See* Defs.' Opp'n Ltr. (ECF No. 76). Nkansah replied to the Government's letter on September 30, 2021. *See* Pl.'s Reply Ltr. (ECF No. 77). Having reviewed the R&R and Nkansah's objections, the Court **ADOPTS** the R&R in its entirety, **DENIES** Nkansah's motion for leave to amend his complaint, and **DISMISSES** the *Bivens* claims against the John Doe Defendants.

## DISCUSSION

### I. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "A magistrate judge's report to which no objections are made is reviewed for clear error." *Janes v. Berryhill*, 498 F. Supp. 3d 540, 541 (S.D.N.Y. 2020) (citation omitted). "Clear error exists where, 'upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)) (alteration in *Janes*).

On the other hand, the "court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects." *Antolini v. McCloskey*, No. 19 Civ. 9038, 2021 WL 3076698, at *2 (S.D.N.Y. July 20, 2021) (citing § 636(b)(1)(C)). To prompt *de novo* review, objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487

(S.D.N.Y. 2009). Merely perfunctory objections—including attempts to rehash the same arguments made to the magistrate judge—will not prompt *de novo* review. *Id.* ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.").

In his only objection to the R&R, Nkansah "reiterates" the same argument already presented to—and thoroughly considered by—Magistrate Judge Cave: that filing a SF-95 provided notice to the individual defendants sufficient for Nkansah to amend his complaint. *See* Pl.'s Objection Ltr. at 1–2; Pl.'s Mem. Supp. Mot. to Amend 12 (at ECF pagination 15) (ECF No. 66) (original briefing to Magistrate Judge Cave); Pl.'s Suppl. Mem. Supp. Mot. to Amend 2–9 (ECF No. 68) (same); R&R at 16–20 (rejecting Nkansah's argument). Because this sole objection is perfunctory, the Court reviews the R&R for clear error only.

## II. Nkansah Cannot Amend His Complaint

Magistrate Judge Cave did not err—let alone clearly err—by concluding Nkansah cannot amend his complaint under Second Circuit precedent.

Federal Rule of Civil Procedure 15(a)(2) provides that, outside certain time periods, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although the district court has "sound discretion" to deny leave to amend, it must provide a valid ground for doing so. *BNP Paribas Mortg. Corp. v. Bank of America, N.A.*, 866 F. Supp. 2d 257, 263 (S.D.N.Y. 2012). One such ground for denying leave to amend is where the amendment would be futile, and one way an amendment can be futile is by being outside the applicable statute of limitations. *See, e.g., Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 833 (2d Cir. 2019); *Dilworth v. Goldberg*, No. 10 Civ. 2224 (JMF) (GWG), 2013 WL 5745989, at *2 (S.D.N.Y. Oct. 23, 2013).

Although Nkansah's amendment would be outside of the statute of limitations, Rule 15(c) provides a safety valve for plaintiffs to continue perfecting their complaints long after the case has begun. "If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." *VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir. 2001) (citing Rule 15(c)). Among other requirements, "relation back" requires the amendment to arise out of the same events alleged in the original complaint. *See id.*

Nkansah seeks to amend his complaint under this "relation back" doctrine. His complaint alleges 36 individual defendants harmed him in federal custody, but at the time of filing he did not know those defendants' names. He now seeks leave to amend his complaint to those defendants by name. Unfortunately, although his amendment would relate to the same events described in his complaint, Nkansah still faces two insurmountable problems.

The first: plaintiffs in this Circuit generally cannot use the "relation back" doctrine to substitute a named defendant for a John Doe defendant. The Second Circuit has held Rule 15(c) does not permit a plaintiff to amend their complaint to add new defendants simply "because the plaintiff did not know their identities" at the time of filing. *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *as modified*, 74 F.3d 1366 (2d Cir. 1996). The *Barrow* Court reasoned "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Id.* Nkansah's use of "John Doe" was a clear placeholder for unidentified defendants—not a mere misspelling or misnomer of the defendants' real names that would constitute an inconsequential mistake. *Cf. id.* at 469 (noting Rule 15(c) does permit

4

amendments "to correct a formal defect such as a misnomer or misidentification").[3] In other words, Nkansah's attempt to substitute the federal employees' names "supplie[s] information [Nkansah] lacked at the outset." *Id.* at 470. Therefore, under *Barrow*, because Nkansah seeks to amend his complaint "not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met." *Id.*

While acknowledging *Barrow*'s holding, Nkansah argues the Supreme Court in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), refocused the Rule 15(c) inquiry onto the defendants' notice rather than Nkansah's mistakes. *See* Pl.'s Objection Ltr. at 1. But for better or worse, the Second Circuit has already foreclosed this argument: "*Krupski* did not abrogate *Barrow*, which remains the law of this Circuit." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (reaffirming "*Barrow*'s holding that an amendment to replace a John Doe defendant is made 'not to correct a mistake but to correct a lack of knowledge' and is therefore not a mistake under Rule 15(c)(1)(C)."). Thus, Nkansah's amendment to provide the names of the "John Doe" defendants would be futile. *See Columna v. City of New York*, No. 1:19 Civ. 3801 (MKV), 2020 WL 5018199, at *4 (S.D.N.Y. Aug. 25, 2020) (dismissing claims, under this analysis, against individual John Doe defendants).

The second problem for Nkansah is that he can only amend his complaint if his original complaint was filed before the statute of limitations expired. *See Krupski*, 560 U.S. at 541 ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to

---

[3] Nor is Nkansah's problem plainly attributable to the Government, which could have implicated another exception allowing Rule 15(c) amendment. District courts in the Second Circuit have sometimes allowed plaintiffs to amend if the Government purposefully withheld, or unreasonably delayed in producing, the identities of the individual defendants who would replace the John Doe placeholders. *See DaCosta v. City of New York*, 296 F. Supp. 3d 569, 593 (E.D.N.Y. 2017). But Nkansah does not allege he was unfairly denied this information, which the Government provided in its initial disclosures at the outset of discovery. *See* R&R at 1.

5

the date of a *timely filed* original pleading . . . .") (emphasis added); *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986) (substituting a defendant under the "identity-of-interest exception" still requires "[t]imely filing of a complaint" within the statute of limitations); *Neal v. Wilson*, 239 F. Supp. 3d 755, 759 (S.D.N.Y. 2017) (amendment is proper if it "relates back" to a pleading filed "before the statute of limitations expired"); *Aforigho v. Tape Prod. Co.*, 334 F.R.D. 86, 93 (S.D. Tex. 2020)[4] ("As far as district courts are concerned, the overwhelming majority across the country have held that an amended pleading does not relate back under Rule 15(c) to the date of an earlier pleading that alleged only untimely claims.") (collecting cases). Thus, Nkansah's motion to amend hinges on whether his original *Bivens* claims were timely.

They were not. Magistrate Judge Cave carefully calculated the statute of limitations for each of Nkansah's original *Bivens* claims against the individual John Doe defendants. At the latest, Nkansah's New York claims needed to be filed by August 2018, and his Alabama claims needed to be filed by March 2018. Because Nkansah's complaint was only filed in November 2018, his *Bivens* claims were already barred by statute(s) of limitations. Nkansah does not dispute Magistrate Judge Cave's analysis on this front, *see* R&R at 12, and the Court concurs that Nkansah's original complaint against the John Doe defendants was not timely. Because the claims against these defendants *were already barred in the first place*, amending the complaint to change those individuals' names is therefore futile. *See Awan v. United States*, No. 16 Civ. 871 (CBA)

---

[4] The district court in *Aforigho* reached the unusual conclusion that an amended complaint could relate back to an untimely action. However, it did so by relying on *Erie* principles, nuances of forum selection, and the specific application of Title VII—none of which apply to this case. Indeed, the *Aforigho* court still recognized the "well understood" principle that "the relation-back doctrine will not save a claim added by amendment when the original pleading filing date does not cure the amended claim's statute of limitations issue." 334 F.R.D. at 93 n.4.

6

(VMS), 2020 WL 1172634, at *9 (E.D.N.Y. Feb. 3, 2020), *report and recommendation adopted*, 2020 WL 1166448 (E.D.N.Y. Mar. 11, 2020).

Conceding his original civil complaint was not timely, Nkansah resorts to a back-up plan. He argues that by filing his SF-95 administrative complaint (in August 2017, before any statute of limitations had expired), he provided constructive notice of his future lawsuit to the individual federal defendants. Pointing to the Supreme Court's decision in *Krupski*, Nkansah contends informal notice can overcome Rule 15(c)'s pleading requirements so long as that notice is "fundamentally fair." Pl.'s Objection Ltr. at 1. But as Magistrate Judge Cave noted, Nkansah overstates the reach of *Krupski*. *See* R&R at 7. For one, "[t]he 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case," not an administrative complaint such as an SF-95. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Accordingly, courts have found that Rule 15(c) does not permit relation back to an administrative filing. *See, e.g., Wallace v. Tesoro Corp.*, 796 F.3d 468, 477 (5th Cir. 2015) (finding no "legal mechanism by which an amendment to a court complaint relates back to the time of the administrative complaint"); *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 962 (10th Cir. 2012) (dismissing plaintiff's argument that claim could relate back to an administrative EEOC complaint, rather than a civil court case); *McCluskey v. Alexander & Alexander of New York, Inc.*, No. 92 Civ. 2559 (SWK), 1993 WL 87946, at *2 (S.D.N.Y. Mar. 22, 1993). Nkansah cites no case law to the contrary.

Moreover, Nkansah's reliance on *Krupski* is inapt because that decision was premised on a timely complaint, unlike Nkansah's complaint here. *See* 560 U.S. at 543. In fact, Nkansah relies upon cases which all involved timely-filed complaints. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (complaint filed within three months of alleged tort); *Robinson v. Clipse*, 602 F.3d 605, 607 (4th Cir. 2010) ("It is undisputed that Robinson filed the original complaint within the

applicable three-year statute of limitations . . . ."); *Watkins v. Lujan*, 922 F.2d 261, 262 (5th Cir. 1991) (plaintiff "timely initiated the present suit"); *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 140 (E.D.N.Y. 1998) (complaint was filed before statute of limitations expired). Nkansah also cites to the 1966 Advisory Committee Notes to Rule 15(c); those referenced "timely lawsuits" too. *Krupski*, 560 U.S. at 550.

In sum, Nkansah has provided no support for his contention that constructive notice to defendants can toll the statute of limitations for a *Bivens* claim. Indeed, under Nkansah's proposed exception, a plaintiff would never need to file a civil complaint within the statute of limitations—so long as the defendant received some other ill-defined "notice" before the window to sue had closed. That regime would gut the purpose of formal pleading requirements and statutes of limitations. It is also contrary to established law.

### III. Dismissal of the John Doe Defendants is Required

Although the R&R did not reach the issue, the untimely nature of Nkansah's *Bivens* claims prompts the Court to consider whether to dismiss the John Doe defendants. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("District courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (cleaned up). When the United States moved to dismiss, it also moved to dismiss the *Bivens* claims against the John Doe defendants, whom it did not purport to represent. The Court declined to dismiss the John Doe defendants at that point. *See* Opinion & Order 5 n.2 (ECF No. 36). However, given that the Court has now found—and Nkansah has effectively conceded—the *Bivens* claims against those individuals are time-barred, dismissal of the John Doe defendants is required.

## CONCLUSION

The Court **ADOPTS** the R&R in full, **DENIES** Nkansah's motion to file an amended complaint, and **DISMISSES** the *Bivens* claims against John Doe Defendants # 1–36. The Clerk of Court is directed to close the motion at ECF No. 64.

Dated: New York, New York  
      November 23, 2021

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY  
United States District Judge

9