UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX NKANSAH,

                        Plaintiff,

-v-

UNITED STATES OF AMERICA,

                        Defendant.

CIVIL ACTION NO.: 18 Civ. 10230 (PAC) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Before the Court is Plaintiff's request for an extension of time, from February 24, 2023 to April 28, 2023, to complete the depositions of his two experts, psychiatrist Carlos Figarola, M.D., and psychologist Richard Lucas, Ph.D., and for "leave of the Court to produce an expert economist[,] Edmund H. Mantell, Ph.D.[,]" after the deadline to do so has lapsed.  (ECF No. 105 (the "Request")).  The Government opposes Plaintiff's request to retain Dr. Mantell, "but does not object to a reasonable extension of time to complete the other aspects of expert discovery." (ECF No 104 (the "Opposition")).  For the reasons set forth below, the Request is GRANTED.

By way of background, on November 5, 2018, Plaintiff filed the Complaint, asserting claims against the Government under the Federal Tort Claims Act based on his allegations that he "was unlawfully restrained and detained, assaulted, battered, subjected to intentional and negligent emotional distress, suffered civil rights violations and subjected to deliberate medical indifference by [U.S. Immigration and Customs Enforcement], [its] employees, agents personnel and Doctors."  (ECF No. 1 ¶ 2).  He claims, inter alia, that the Government "intentionally inflict[ed] unwarranted physical and psychological harm upon" him, resulting in his being "unable to work and or be employed as he once was[.]"  (Id. ¶ 99).

On September 16, 2020, after resolving the Government's partial motion to dismiss (see ECF Nos. 21, 36), the Honorable Paul A. Crotty entered the initial case management plan,

and set the fact and expert discovery deadlines for June 1, 2021 and August 1, 2021, respectively. (ECF No. 47).  For various reasons, the parties requested—and the Court granted—several extensions of the fact discovery schedule.  (See ECF Nos. 69, 70, 72, 73, 78, 81, 88–90).  On May 5, 2022, the parties certified the completion of fact discovery, and requested a stay of expert discovery while they discussed schedule, which the Court granted.  (ECF Nos. 91, 92).

On July 18, 2019, after their settlement efforts failed, the parties advised the Court that Plaintiff "likely intends to submit expert reports from a psychiatrist, psychologist and a cardiologist," and jointly proposed the following expert discovery schedule: (i) Plaintiff's expert disclosures shall be served by September 16, 2022, (ii) the Government's expert disclosures shall be served by November 15, 2022, and (iii) all expert discovery, including depositions, shall be completed by December 15, 2022.  (ECF No. 100).  On July 19, 2022, the Court adopted the parties' proposed schedule.  (ECF No. 101).

On September 23, 2022, after Plaintiff requested and the Government consented to a one-week extension, Plaintiff served expert reports from Drs. Figarola and Lucas.  (ECF No. 102 at 1).  On November 30, 2022, the Government requested to depose Drs. Figarola and Lucas on December 12 and 14, 2022, respectively.  (Id.) Plaintiff's counsel indicated that the earliest available dates for Drs. Lucas and Figarola were December 23, 2022 and February 10, 2023, respectively.  (Id.) Plaintiff's counsel also indicated that he wanted to depose the Government's rebuttal experts, and the Government advised that the earliest date on which both Government experts and both counsel were available was February 24, 2023.  (Id.) On December 15, 2022, the Court granted the parties' joint request to extend the expert deposition deadline to February 24, 2023. (ECF No. 103).

On February 13, 2023, Plaintiff filed the Request. (ECF No. 104). Plaintiff states that, "due to scheduling conflicts and unavailability of both Drs. [Figarola and Lucas], their depositions [The 'Depositions'] cannot be held until March." (Id. at 1). Because the parties were not able to agree on a specific deadline, Plaintiff requests an extension until April 28, 2023 to complete the Depositions. (Id.) Plaintiff also requests leave to serve disclosures for a new expert, Dr. Mantell, to opine on the economic "impact of [P]laintiff's psychological injuries[.]" (Id. at 1–2). Plaintiff informed the Government of his intention to retain Dr. Mantell on January 3, 2023, nearly four months after the disclosure deadline. (Id. at 1). Plaintiff claims that "[t]he delay in disclosing Dr. Mantell as an expert witness is due to the fact that only after reviewing the reports of Dr. Lucas and Dr. Figarola, did it become clear the impact of plaintiff's psychological injuries will have on his ability to work in the future." (Id. at 2).

On February 15, 2023, the Government filed the Opposition. (ECF No. 105). The Government argues that, "[i]f not for Plaintiff's failure to timely produce his experts for deposition and Dr. Lucas's recent treatment notes, expert discovery would already be complete." (Id. at 2). Specifically, the Government claims that, "[o]n January 3, 2023, without prior notice, consent, or permission, Plaintiff served a second, 'rebuttal' expert report from Dr. Figarola, dated January 2, 2023[,]" that "discloses that Dr. Figarola conducted an independent medical examination ('IME") of Plaintiff on December 12 and December 19, 2022—three months after Plaintiff's expert disclosure deadline, one month after service of the Government's expert reports, and on one of the dates that the Government had previously proposed for expert depositions but which was declined due to professional 'conflicts.'" (Id. at 2). Then, on January 12, 2023, Plaintiff produced two years of treatment notes from Dr. Lucas that were omitted from

Plaintiff's September 2022 disclosure, and "on February 6, Plaintiff produced an addendum from Dr. Figarola describing his IME of the Plaintiff." (Id.) "Due to these late disclosures and ongoing disputes, [the Government] agreed to postpone Dr. Figarola's February 10 deposition and to seek an extension of the expert discovery schedule." (Id.) Regarding Plaintiff's request to serve expert disclosures from Dr. Mantell, the Government argues that Plaintiff has not "proffered any reasonable explanation for his delay in retaining an economist[,]" and that the "request to retain an expert economist now—which will set back the clock in this litigation by many months—is unreasonable, prejudicial, and without just cause." (Id. at 3).

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D)(1). A court-ordered discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & VerSys Femoral Head Prod. Liab. Litig., No. 18 MD 2859 (PAC), 2021 WL 4251906, at *4 (S.D.N.Y. Sept. 17, 2021) ("A party who seeks to modify a scheduling order to disclose a new expert past the deadline for expert disclosures must demonstrate good cause and obtain the judge's consent."). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir.2003). "This consideration has been applied in the context of motions to . . . permit certain [expert] discovery after expiration of a court-established deadline." Rubik's Brand Ltd. v. Flambeau, Inc., 329 F.R.D. 55, 58 (S.D.N.Y. 2019). "Courts additionally consider a number of other factors in determining whether good cause exists, including the moving party's explanation for failing to comply with the scheduling order and diligence in seeking a modification to the schedule, the importance and relevance of the expert testimony to the case, whether the party

4

seeking the additional discovery has had an adequate opportunity for discovery, prejudice to the party opposing the request, and imminence of trial." Id. (citing Young v. Sw. Airlines Co., No. 14 Civ. 1940 (LDH) (RLM), 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016)).

Here, whether Plaintiff has established good cause is a close call. The first factor—Plaintiff's explanation for failing to disclose Dr. Mantell prior to the deadline and his diligence in seeking a modification to the schedule—weighs against modifying the expert discovery schedule. Plaintiff claims that "[t]he delay in disclosing Dr. Mantell as an expert witness is due to the fact that only after reviewing the reports of Dr. Lucas and Dr. Figarola, did it become clear the impact of plaintiff's psychological injuries will have on his ability to work in the future." (ECF No. 104 at 2). Plaintiff has claimed since filing the Complaint over four years ago, however, that his alleged "physical and psychological" injuries have resulted in his being "unable to work and or be employed as he once was[.]" (See ECF No . 1 ¶ 99). The Court fails to see how Drs. Lucas and Figarola's apparent confirmation of Plaintiff's injuries would come as a surprise.

The remaining factors, however, weigh in Plaintiff's favor. As to the second factor—the importance and relevance of the expert testimony—"[n]ot knowing the precise points [Dr. Mantell] will make, the Court cannot determine whether the expert testimony will be helpful to the jury or offer relevant opinions[,]" or "the importance of the expert testimony to the issue of damages." Rubik's Brand, 329 F.R.D. at 60. Given that Plaintiff's alleged damages include lost earnings, (ECF No. 1 ¶ 99), however, the Court finds that Plaintiff "has sufficiently articulated [the] possible relevance" of Dr. Mantell's opinion. Rubik's Brand, 329 F.R.D. at 60.[1] As to the

---

[1] This conclusion is without prejudice to the Government's right to seek preclusion of the expert testimony at the appropriate time.

final three factors—whether Plaintiff has had an adequate opportunity for discovery, prejudice to the Government, and imminence of trial—the Court notes that it has granted only one extension relating to expert discovery, which remains open. (See ECF Nos. 101; 103). Additionally, "no trial date has been set and thus the additional proposed discovery will not impact the timing on a final resolution of this case." Rubik's Brand, 329 F.R.D. at 60. Finally, "[w]hile it is true that the additional discovery may increase costs, the likely additional costs associated with one additional expert issue in light of the total expenses incurred to date in this case are not disproportionate to the needs of the case." Id. Moreover, "if [the Government] is provided sufficient time to depose [Dr. Mantell] and serve a rebuttal expert if needed, prejudice will be mitigated." Id.

Accordingly, the Court finds that, on balance, the relevant factors weigh in favor of modifying the expert discovery schedule to permit Plaintiff to retain Dr. Mantell. Thus, Plaintiff's Request is GRANTED, and the Court orders as follows:

1. By **March 15, 2023**, Plaintiff shall serve his disclosures for Dr. Mantell.

2. All expert discovery, including depositions, shall be completed by **April 28, 2023**.

3. By **May 5, 2023**, the parties shall file a joint letter (i) certifying the completion of expert discovery and (ii) indicating whether they wish for the Court to hold a settlement conference.

Dated:   New York, New York
         February 22, 2023

SO ORDERED.

*Sarah L. Cave*
**SARAH L. CAVE**
**United States Magistrate Judge**