UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIX NKANSAH,<br><br>         Plaintiff,<br><br>      -v-<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | 18 Civ. 10230 (PAC) (SLC) |

## **PRIVACY ACT AND PROTECTIVE ORDER ADDENDUM**

  WHEREAS, Plaintiff has brought this action against defendant United States (the "Government"), asserting claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680;

  WHEREAS, on February 8, 2021, the Court so-ordered a Privacy Act and Protective Order (the "Protective Order") governing the exchange and treatment of Protected Information in this action (ECF No. 54);

  WHEREAS, pursuant to the Protective Order, Protected Information may be disclosed only to Qualified Persons, including the parties to this action (*see id.* ¶ 2.vii);

  WHEREAS, the parties wish to establish an additional category of protection for Protected Information that contains highly sensitive information that limits disclosure of such information in that category to counsel and the parties' retained experts; and

  WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order Addendum, upon the joint request of the parties, for the purposes of facilitating the disclosure of highly sensitive information and assuring the confidentiality of such information in this action;

The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order Addendum ("Addendum"), HEREBY ORDERS:

1. All terms and conditions of the Protective Order remain in full force and effect and are hereby incorporated into this Addendum as if fully set forth herein, except as specifically noted herein;

2. Protected Information is defined as set forth in the Protective Order (*see id.* ¶ 2).

3. As set forth in the Protective Order, information that Plaintiff or Defendant deems Protected Information shall be designated as such by stamping the phrase "Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

4. If Plaintiff or Defendant deems Protected Information to contain highly sensitive information requiring additional protections beyond those outlined in the Protective Order, the producing party may designate as such by stamping the phrase "Subject to Protective Order – Attorneys' Eyes Only."

5. Any document or record stamped as "Subject to Protective Order – Attorneys' Eyes Only" may be disclosed to the following persons only ("AEO Qualified Persons"):

    i. Attorneys for Plaintiff;

    ii. Attorneys for Defendant, including agency counsel;

    iii. Experts or consultants retained for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

      iv.      Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

      v.      The Court and Court personnel;

      vi.      Such other persons agreed upon by counsel for both parties in writing; and

      vii.      Such other persons as hereafter may be authorized by the Court upon motion of any party.

6.      Any party who contests the designation of a document or record as "Subject to Protective Order – Attorneys' Eyes Only" shall provide the producing party written notice of its challenge. If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

7.      A copy of the Protective Order and Addendum shall be delivered to each AEO Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of the Protective Order and Addendum shall be binding upon each such person to whom disclosure is made.

8.      All AEO Qualified Persons to whom Protected Information is disclosed are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in the Protective Order and Addendum.

9.      Any deposition questions intended to elicit testimony regarding Protected Information subject to an AEO designation shall be conducted only in the presence of AEO

Qualified Persons. Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as AEO-designated Protected Information.

10. If any party seeks to publicly file with the Court any AEO-designated Protected Information, or portions of pleadings, motions, or other papers that disclose such AEO-designated Protected Information, that party shall provide the producing person no less than ten days' advance written notice of its intent to file such material. The producing party may then make an application to the Court requesting that the material be filed and kept under seal. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. The parties will use their best efforts to minimize the need to file documents under seal.

11. Nothing in the Protective Order or Addendum shall preclude any disclosure of AEO-designated Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

12. Nothing contained in the Protective Order or Addendum shall be construed to prejudice any party's right to use in open court any AEO-designated Protected Information, provided that reasonable notice of the potential disclosure of the AEO-designated Protected Information shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the AEO-designated Protected Information, in advance of its use in open court.

13. If counsel for any party is required by law or court order to disclose, disseminate, or transmit AEO-designated Protected Information produced under the Protective Order or Addendum to any person or entity not identified herein as an AEO Qualified Person, the name of

that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary.  There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.  If AEO-desigpted Protected Information produced under the Protective Order or Addendum is required by law or court order to be disclosed to a person or entity not identified herein as an AEO Qualified Person, the person or entity receiving the AEO-designated Protected Information shall, before receiving such information, be provided with a copy of the Protective Order or Addendum and shall acknowledge their agreement to comply with the Protective Order or Addendum by signing a copy of the attached acknowledgement form.  A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

14. Within thirty days after the final disposition of this action, including any and all appeals, all AEO-designated Protected Information and copies thereof in the possession of any AEO Qualified Persons shall be returned to the producing parties or destroyed.  If the AEO-designated Protected Information is destroyed, the party that has destroyed the AEO-designated Protected Information shall certify in writing to the producing party that the AEO-designated Protected Information in its possession has been destroyed.

15. If Plaintiff or Defendant inadvertently fails to designate material as "Subject to Protective Order – Attorneys' Eyes Only" at the time of production, this shall not in itself be deemed a waiver of any claim of AEO treatment or confidentiality as to that material.  The producing party may correct its failure to designate an item as "Subject to Protective Order – Attorneys' Eyes Only" by taking reasonable steps to notify all receiving persons of its failure,

and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

16. The Protective Order and Addendum does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

17. Nothing in the Protective Order or Addendum shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

18. Nothing in the Protective Order or Addendum shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

19. Nothing in the Protective Order or Addendum shall prevent the disclosure of AEO-designated Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

20. Nothing in the Protective Order or Addendum shall prevent any disclosure of AEO-designated Protected Information by the party or entity that designated the information as such.

SO STIPULATED AND AGREED TO BY:

Dated: March __, 2023  
    New York, New York

    REHAN NAZRALI

By: _____  
    REHAN NAZRALI, ESQ.  
    299 Broadway, Suite 1700  
    New York, New York 10007  
    Tel.: (646) 331-9378  
    E-mail: rnazraliesq@gmail.com  
    *Counsel for Plaintiff*

Dated: March 2, 2023  
    New York, New York

    DAMIAN WILLIAMS  
    United States Attorney for the  
    Southern District of New York

By: __/s/ Carly Weinreb_____  
    CARLY WEINREB  
    Assistant United States Attorney  
    86 Chambers Street, 3rd Floor  
    New York, New York 10007  
    Tel.: (212) 637-2769  
    E-mail: carly.weinreb@usdoj.gov  
    *Counsel for Defendant*

SO ORDERED:

_____  
HON. SARAH L. CAVE  
United States Magistrate Judge

Dated: _____  
    New York, New York

SO STIPULATED AND AGREED TO BY:

Dated: March __, 2023
New York, New York

REHAN NAZRALI

By: _____
REHAN NAZRALI, ESQ.
299 Broadway, Suite 1700
New York, New York 10007
Tel.: (646) 331-9378
E-mail: rnazraliesq@gmail.com
*Counsel for Plaintiff*

Dated: March __, 2023
New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
CARLY WEINREB
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2769
E-mail: carly.weinreb@usdoj.gov
*Counsel for Defendant*

SO ORDERED:

_____
HON. SARAH L. CAVE
United States Magistrate Judge

Dated: March 3, 2023
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIX NKANSAH,<br><br>                    Plaintiff,<br><br>            -v-<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | 18 Civ. 10230 (PAC) (SLC) |

## **ACKNOWLEDGEMENT**

I have read and I understand the Privacy Act and Protective Order Addendum entered by the Court in the case *Nkansah v. United States*, Case No. 18 Civ. 10230 (PAC) (SLC), and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____