

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 27, 2023

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    <u>Nkansah v. United States of America</u>, 18-cv-10230 (PAC) (SLC)

Dear Judge Cave:

      This Office represents the Government in the above-referenced action filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), *et seq.* On March 21, 2023, the Court granted Plaintiff's request for an extension of time to serve an expert report from Dr. Edmund Mantell, Plaintiff's retained economist, until March 20, 2023. <u>See</u> Order, dated March 21, 2023 (ECF No. 114). The Court directed this Office to file a letter advising of any prejudice to the Government resulting from the extension, and proposed remedies. Accordingly, the Government writes to respectfully request an extension of the expert discovery schedule to cure the prejudice to the Government resulting from its delayed receipt of Dr. Mantell's report.

      Plaintiff's expert disclosure deadline was on September 16, 2022. On February 13, 2023, Plaintiff belatedly requested leave to retain an expert economist. <u>See</u> ECF No. 104. The Government objected to that request as untimely and prejudicial, and because Plaintiff had not shown good cause to extend the expert discovery deadline at such a late stage. <u>See</u> ECF No. 105. Although the Court stated that it was a "close call," the Court granted Plaintiff's request and ordered Plaintiff to serve his expert economist disclosures by March 15, 2023. <u>See</u> Order, dated Feb. 22, 2023 (ECF No. 107). The Court also set April 28, 2023, as the expert discovery deadline. <u>See id.</u>

      Plaintiff did not serve expert disclosures from Dr. Mantell by the March 15, 2023, deadline. Instead, on March 16, Plaintiff filed a request *nunc pro tunc* to extend the expert economist disclosure deadline from March 15 to March 21. <u>See</u> ECF No. 110. On March 20, 2023, the Government filed an objection to the extension request because Plaintiff did not provide any reason why Dr. Mantell did not meet the court-ordered deadline or why he needs additional time. <u>See id.</u>; Third Letter-Motion, dated March 20, 2023 (ECF No. 112). Later in the day on March 20, and before the Court had ruled on the extension request, Plaintiff served expert disclosures from Dr. Mantell. On March 21, 2023, the Court granted Plaintiff's request to extend his deadline to serve Dr. Mantell's report, *nunc pro tunc*, from March 15 to March 20, 2023. <u>See</u> ECF No. 114. In that same Order, the Court directed the Government to "file a letter advising the Court of the (i) prejudice they experienced by their delayed receipt of Mr. Mantell's expert report, and (ii) the remedies they seek to cure any potential prejudice, for example, submitting a rebuttal report, an extension of time to depose Mr. Mantell, or another remedy." <u>Id.</u>

The Government intends to serve an expert rebuttal report from an economist in response to Dr. Mantell's report, and also intends to take Dr. Mantell's deposition. Because Plaintiff served his expert report from Dr. Mantell on March 20, 2023, this would give the Government little more than one month to prepare and serve a rebuttal report and take Dr. Mantell's deposition by the April 28 deadline. This would cut the Government's rebuttal time in half, as the original discovery schedule gave each party two months to prepare expert reports and take expert depositions. See Order dated July 19, 2022 (ECF No. 101). Plaintiff has also benefitted from the additional six months that have elapsed between November 15, 2022, the Government's original expert discovery deadline, and March 20, 2023, the date that Plaintiff served Dr. Mantell's report. As a result, if the current expert discovery deadline is not extended, the Government will be prejudiced by having significantly less time than Plaintiff to prepare expert discovery disclosures.

While the Government is concerned about the delays that Plaintiff has caused in this litigation, see ECF Nos. 105, 112, it requires an adequate and fair amount of time to prepare its defenses. Accordingly, the Government respectfully requests 30 days to serve an expert rebuttal report from an economist, and 21 days to take the deposition of Dr. Mantell. Plaintiff can also depose the Government's expert economist during those latter 21 days, if he so chooses.

Accordingly, the Government respectfully requests until April 19, 2023, to serve a rebuttal economics report, and until May 10, 2023, to complete expert discovery, including all expert depositions. Plaintiff consents to this proposed schedule. I thank the Court for its consideration of these requests.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  /s/ Carly Weinreb
CARLY WEINREB
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2769
Carly.Weinreb@usdoj.gov

*aintiff* (by ECF)

---

The Government's request for an extension of time to serve its rebuttal economics report (the "Rebuttal Report") and take the deposition of Dr. Edmund Mantell (ECF No. 115) is GRANTED. The Government shall serve the Rebuttal Report by **Wednesday, April 19, 2023**, and all expert discovery—including expert depositions—shall be completed by **Wednesday, May 10, 2023**. The parties shall file a joint letter by **Wednesday, May 17, 2023**, certifying the completion of all discovery.

The Clerk of Court is respectfully directed to close ECF No. 115.

SARAH L. CAVE
United States Magistrate Judge

SO ORDERED 03/27/23