

U.S. Department of Justice

> The Government's request, to which Plaintiff does not object, "to serve a Rule 45 subpoena on Plaintiff's uncle seeking electronic communications between him and Plaintiff regarding Plaintiff's allegations in this case" (the "Subpoena") is GRANTED. (ECF No. 123). The Government shall promptly serve the Subpoena.
>
> The Clerk of Court is respectfully directed to close ECF No. 123.
>
> SO ORDERED        5/15/2023
>
> *Sarah Cave*
> SARAH L. CAVE
> United States Magistrate Judge

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     <u>Nkansah v. United States of America</u>, 18-cv-10230 (PAC) (SLC)

Dear Judge Cave:

This Office represents the Government in the above-referenced action filed by plaintiff Felix Nkansah ("Plaintiff") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), *et seq* ("FTCA"). Pursuant to Local Rule 37.2 and Section II.C. of the Court's individual practices, I write to respectfully request leave to serve a Rule 45 subpoena on Plaintiff's uncle seeking electronic communications between him and Plaintiff regarding Plaintiff's allegations in this case. The reason for this request is that the Government recently learned that Plaintiff intentionally deleted an entire email account that likely contained relevant communications between him and his uncle. As we reasonably believe that Plaintiff's uncle possesses copies of these spoliated emails, the Government respectfully requests leave to serve a subpoena on Plaintiff's uncle for these communications.

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." <u>West v. Goodyear Tire & Rubber Co.</u>, 167 F.3d 776, 779 (2d Cir. 1999). Rule 37(e) governs spoliation of electronically stored information ("ESI"), providing that, "[i]f [ESI] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," the Court may, on a finding of prejudice, "order measures no greater than necessary to cure the prejudice," Fed. R. Civ. P. 37(e)(1), or, on a finding that the party "acted with the intent to deprive another party of the information's use in the litigation," presume that the lost information was unfavorable to the party responsible for its destruction or dismiss the action, <u>id.</u> 37(e)(2). Thus, Courts evaluate claims of spoliation under a three-part test to determine: (1) if a party failed to take "reasonable steps" to preserve ESI "that should have been preserved in the anticipation or conduct of litigation"; (2) if there has been "prejudice to another party from loss of the information"; and (3) regardless of prejudice to any other party, whether the destroying party "acted with the intent to deprive another party of the information's use in the litigation." <u>Doubleline Cap. LP v. Odebrecht Fin., Ltd.</u>, No. 17CV4576GHWBCM, 2021 WL 1191527, at *4 (S.D.N.Y. Mar. 30, 2021) (quoting Fed. R. Civ. P. 37(e) and <u>Coan v. Dunne</u>, 602 B.R. 429, 437 (D. Conn. Apr. 16, 2019)).

The duty to preserve evidence attaches when a party "has notice that the evidence is relevant to litigation—most commonly when suit has already been filed . . . ." <u>Kronisch v.</u>