UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX NKANSAH,

                Plaintiff,

-v-

UNITED STATES OF AMERICA,

                Defendant.

CIVIL ACTION NO.: 18 Civ. 10230 (PAC) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Before the Court is the Government's request for "a discovery conference concerning Plaintiff's failure to produce certain items of fact and expert discovery by the deadlines." (ECF No. 122 at 1 (the "Motion")).  The Government claims that, despite "previously advis[ing] the Court that he intended to submit an expert report from a cardiologist" and "previously alleg[ing] that he developed neuropathy from the incident [at issue in this action], [Plaintiff] did not serve any expert disclosures regarding those conditions."  (Id. at 1–2 (internal citation omitted)).  On March 14, 2023, however, Plaintiff's counsel advised the Government that Plaintiff "is continuing to claim physical injuries as a result of the assault, has been going to Guthrie for treatment for his heart and high blood pressure, and is seeing Dr. Pramod Deshmukh ['Dr. Deshmukh'] and Dr. Mehmet K. Aktas ['Dr. Aktas'] for his heart condition."  (Id. at 2 (alterations omitted)).  On March 23, Plaintiff's counsel "stated that Plaintiff intends to assert two physical injuries in this action: (1) bruising and neuropathy to his wrists and ankles; and (2) low blood pressure and/or bradycardia (slow heart rate)[,]" and that "Plaintiff has continued to treat for these conditions through the present, intends to rely on this recent treatment to support his claims, and plans to call Drs. Deshmukh and Aktas as trial witnesses."  (Id.)  "Plaintiff did not identify Drs. Deshmukh or Aktas in his initial or expert disclosures and did not serve any expert reports concerning neuropathy or bradycardia."  (Id.)  Accordingly, the Government seeks

an order: "(1) precluding Plaintiff from relying in this action on any medical records or evidence that he did not produce by the fact discovery deadline, including any medical records in the possession of nonparty providers that were not produced; and (2) precluding Plaintiff from calling witnesses at trial that were not identified in his initial disclosures, interrogatory responses, or expert disclosures (including but not limited to Drs. Deshmukh and Aktas)." (Id. at 3).  In the alternative, the Government requests an order: "(1) directing Plaintiff to supplement his discovery responses (including but not limited to initial disclosures, interrogatory responses, document productions, authorizations, and expert disclosures) within two weeks; (2) permitting the Government at least 30 days to depose any newly identified providers or witnesses; and (3) providing the Government an opportunity to submit expert evidence on Plaintiff's alleged neuropathy, bradycardia, and any other alleged conditions that he attributes to the incident" (the "Alternative Relief").  (Id.)

In response to the Motion, Plaintiff opposes the Government's request for preclusion as to evidence concerning "Plaintiff's heart condition, i.e. the bradycardia," and "requests that the Court in its discretion extend expert discovery to permit Plaintiff to supplement his initial disclosure and to permit defendants to depose Plaintiff's cardiologists[,]" Drs. Deshmukh and Aktas. (ECF No. 127 at 1, 2, 4).  Plaintiff argues, inter alia, that the Government was aware of his heart condition, that he "made diligent efforts by making inquiries about the Bradycardia with experts prior to the close of service of expert disclosure but obtained inconclusive results[,]" and that "it was only after further inquiry during expert disclosure that a nexus appeared more visibly (Id. at 1, 3).  Plaintiff does not oppose the Motion as to, or otherwise address, his alleged neuropathy or any other injuries separate from his bradycardia.

2

Having reviewed the parties' submissions, including the Government's reply (ECF No. 128), and having considered the full case history, the Court finds that a conference is unnecessary, and GRANTS IN PART and DENIES IN PART the relief sought in the Motion as follows:

1. The Government's request "to preclude Plaintiff from relying at trial on undisclosed evidence and witnesses relating to neuropathy, bradycardia, or any other alleged injuries" (ECF No. 128 at 1) is DENIED WITHOUT PREJUDICE to renewal on summary judgment, by motion in limine, or by other motion.

2. The Government's request for Alternative Relief is GRANTED IN PART as follows:

   a. By **June 13, 2023**, Plaintiff shall serve supplemental initial disclosures, interrogatory responses, document productions, authorizations, and expert disclosures from Drs. Deshmukh and Aktas, with respect to his bradycardia. <u>No extensions of this deadline will be granted</u>. Plaintiff's failure to comply with this deadline will result in preclusion of his ability to claim damages for bradycardia in this action. See <u>Gould Paper Corp. v. Madisen Corp.</u>, 614 F.Supp.2d 485, 490 (S.D.N.Y.2009) (excluding damages testimony for failure to timely disclose); Fed. R. Civ. P. 37(b)(2)(A)(ii) ("If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court . . . may issue further just orders . . . prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]").

   b. By **July 13, 2023**, the Government shall complete any supplemental fact discovery concerning Plaintiff's bradycardia.

    c. By **August 14, 2023**, the Government shall complete any supplemental expert discovery concerning Plaintiff's bradycardia.

    d. The Government's request for Alternative Relief with respect to Plaintiff's "neuropathy . . . and any other alleged conditions that he attributes to the incident" (ECF No. 122 at 3) is DENIED AS MOOT. Plaintiff only seeks to supplement his discovery responses as to his bradycardia, and has failed to argue—much less establish—the existence of good cause, substantial justification, and harmlessness necessary to warrant additional discovery with respect to his neuropathy. (See ECF No. 127). To be clear, the supplemental discovery that the Court is permitting is limited to Plaintiff's bradycardia. No additional discovery with respect to Plaintiff's neuropathy or other conditions is permitted.

3. By **August 21, 2023**, the parties shall file a joint letter (i) certifying the completion of discovery and (ii) indicating whether they wish for the Court to hold a settlement conference.

The Clerk of Court is respectfully directed to close ECF No. 122.

Dated:    New York, New York
            May 23, 2023

                                                SO ORDERED.

                                                **SARAH L. CAVE**
                                                **United States Magistrate Judge**