```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 13, 2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FELIX NKANSAH,

                Plaintiff,                18-CV-10230 (KMW)

   v.                **ORDER**

UNITED STATES OF AMERICA,

                Defendant.
-----------------------------------------------------------------X

KIMBA M. WOOD, District Judge:

      On July 24, 2024, the Court granted the Government's motion for leave to take the deposition of Cassandra Snyder, and ordered the Government to take Ms. Snyder's deposition by September 9, 2024. (Order, ECF No. 164.) On July 26, 2024, Plaintiff moved for reconsideration and a stay of Ms. Snyder's deposition. (Pl.'s Mot. Recons., ECF No. 165.) The Government opposes Plaintiff's motion for reconsideration and cross moves to compel Plaintiff to supplement his initial disclosures with Ms. Snyder's full name, current address, and telephone number. (Gov't Opp'n, ECF No. 166.) Plaintiff filed his reply to the Government's opposition on August 1, 2024. (Pl.'s Reply, ECF No. 167.) For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED and the Government's motion is GRANTED.

## LEGAL STANDARD

      "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)).  Pursuant to Local Civil Rule 6.3, the movant must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked."  Local Civ. R. 6.3.  A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made."  *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 312 (S.D.N.Y. 2013) (Engelmayer, J.) (internal citation omitted).  "Reconsideration of a court's order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  *Tescher v. Experian Info. Sols., Inc.*, No. 21-CV-02266, 2023 WL 1797269, at *1 (S.D.N.Y. Feb. 7, 2023) (Halpern, J.) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  Whether to grant a motion for reconsideration is within the district court's discretion.  *Mexico Infrastructure Fin., LLC v. Corp. of Hamilton*, No. 17-CV-6424, 2020 WL 5646107, at *1 (S.D.N.Y. Sept. 21, 2020) (Broderick, J.).

## DISCUSSION

Plaintiff's motion does not identify a change in law, new evidence, or a clear error that warrants reconsideration of the Court's decision.  (*See* Gov't Opp'n at 3.)  Rather, Plaintiff repeats arguments that he already made in opposing the Government's motion to depose Ms. Snyder, and that the Court already considered before granting the Government's motion.  To the extent Plaintiff raises new arguments in his papers, (*see id.*; Pl.'s Mot. Recons. at 2–3), Plaintiff could have advanced each argument earlier.  In any event, none of Plaintiff's arguments alters

the Court's conclusion: good cause exists to re-open discovery for the limited purpose of allowing the Government to depose Ms. Snyder. (*See* Order at 3.)

## CONCLUSION

Plaintiff's motion for reconsideration is DENIED and Plaintiff's request for a stay is DENIED as moot. The Government's motion to compel Plaintiff to supplement his initial disclosures is GRANTED.[1] Plaintiff is ordered to supplement his initial disclosures with Ms. Snyder's full name, current address, and telephone number by August 16, 2024. The Government must take Ms. Snyder's deposition by September 9, 2024. The Clerk of Court is respectfully directed to close the pending motion at ECF No. 165.

SO ORDERED.

DATED: New York, New York
August 13, 2024

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

---

[1] Rule 26(a)(1)(A)(i) requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). If a party fails to make a disclosure as required by Rule 26, Rule 37 permits a party to move to compel disclosure of that information. *Id.* 37(a)(3)(A). The motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure." *Id.* 37(a)(1). Here, the Government states that it "attempted to meet and confer with Plaintiff's counsel by email and phone four times since [the Court's July 24, 2024] Order was entered to ascertain when amended disclosures will be served, but counsel did not respond." (Gov't Opp'n at 4.) In addition, Local Civil Rule 37.2 and the Court's individual rules require the moving party to request an informal conference with the Court prior to making a motion under Rules 26 through 37. *See* Local Civ. R. 37.2. The Government did not request an informal conference prior to moving the Court for an order compelling Plaintiff to supplement his initial disclosures. (*See* Gov't Opp'n at 4 (requesting an order to compel Plaintiff to supplement his initial disclosures or a discovery conference)). To promote efficiency in this litigation, the Court excuses the Government's failure to request an informal conference prior to moving for an order to compel. *Kelly v. Beliv LLC*, No. 21-CV-8134, 2024 WL 1076217, at *6 (S.D.N.Y. Mar. 12, 2024) (Liman, J.) (collecting cases).