UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FELIX NKANSAH,

                Plaintiff,

   -against-

                                                        Docket No.:
                                                           1-:18-cv-10230(KMW)(SLC)

UNITED STATES OF AMERICA,

                Defendants.
------------------------------------------------------------------------X

PLAINTIFF's AFFIRMATION IN REPLY IN OPPOSITION TO THE GOVERNMENT'S MEMORANDUM OF LAW FOR PARTIAL JUDGMENT ON THE PLEADINGS AND OPPOSITION TO PLAINTIFF's CROSS-MOTION TO AMEND THE COMPLAINT.

                                                    Rehan Nazrali, Esq.
                                                    *Attorney for Plaintiff*
                                                   Felix Nkansah
                                                299 Broadway, 17th Floor
                                                New York, NY 10007
                                                Tel: (646) 331-9378
                                               Email: rnazraliesq@gmail.com

**TABLE OF CONTENTS**

ARGUMENT……………………………………………………………………………..4

1-PLAINTIFF HAS PROPERLY OPPOSED DEFENDANT"S MOTION IN HIS OPPOSITION AND CROSS-MOTION……………………………………………….4


2. THERE IS GOOD CAUSE TO AMEND, NO BAD FAITH AND DEFENDANT WOULD NOT BE PREJUDICED BY AMENDING THE COMPLAINT……………………………4


3. THE AMENDED PRIMA FACIE TORT CLAIMS CAN WITHSTAND A MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6)..............................................................................7.

CONCLUSION…………………………………………………………………………..7

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

Johnson-Tucker V. Loyola Sch., No. 23-CV-1351 (JGLC), 2024 U.S Dist. LEXIS 13473……………………………………………………………………..6

Winstar Commc'ns, 2006 U.S Dist. LEXIS 7618, 2006 WL 473885…………….6

**Statues**

Federal Rules of Civil Procedure 12(B)(6)………………………………………7.

Federal Torts Claims Act ("FTCA")…………………………………………..6.

Plaintiff Felix Nkansah ("Plaintiff"), by his attorney, Rehan Nazrali, Esq., respectfully submits this affirmation in reply to Defendant's Reply Memorandum of Law for Partial Judgment on the Pleadings and Opposition to Plaintiff's Cross-Motion to Amend the Complaint. The background and procedural history is included on Plaintiff's Memorandum of Law In Opposition to the Government's Motion for Partial Judgment on the Pleadings and In Support of Cross-Motion to Amend the Complaint (See Docket #182 ).

## ARGUMENT

1. **PLAINTIFF HAS PROPERLY OPPOSED DEFENDANT"S MOTION IN HIS OPPOSITION AND CROSS_MOTION**

The Plaintiff has definitively addressed the Defendant's motion by asserting that his IIED and Prima Facie Tort Claims in his Opposition to the Government's motion are both properly pled and that the addition of the PAC to Plaintiff's opposition merely makes said claims more cognizable than they originally were. In both instances, the Defendant had notice of the claims and cannot claim prejudice as argued in Plaintiff's opposition. The Defendant further claims that Plaintiff's PAC was not properly presented when filed. The PAC as filed though imperfect nonetheless provides the Court and the opposing party with substantive and sufficient notice of the relevant additional language to determine the nature of the amended claims and properly oppose the same which the Defendant has been able to do and does not deny.

2. **THERE IS GOOD CAUSE TO AMEND, NO BAD FAITH, NO FUTILITY AND DEFENDANT WOULD NOT BE PREJUDICED BY PLAINTIFF AMENDING THE COMPLAINT**

As stated in Plaintiff's Cross-motion and opposition, though there has been delay in amending the complaint, the Plaintiff has been actively litigating this matter from the inception of the case and made considerable efforts to obtain justice through an extensive regime of discovery litigation. The fact that a need to clarify an oversight in a complaint arose in conjunction with the defendant's motion only reinforces Plaintiff's position that the parties are engaged in a contested struggle but are still able to obtain redress regarding outstanding matters before this honorable Court. As stated in Plaintiff's opposition and cross-motion, mere delay is not sufficient basis to deny the application to amend where prejudice or bad faith is absent.

There is no bad faith on the part of the Plaintiff. As stated in his opposition the purpose of his amendment cannot be said to be rooted in dishonesty of belief, purpose or motive. Rather, the goal of the amendment was and is to provide this Court with a fair and reasonable basis to adjudicate Plaintiffs disputed claims in a clear, balanced and informed manner. Given the admittedly extensive litigation that Plaintiff has engaged in with the government to obtain justice in this case and entirely at his own expense, it cannot be said that Plaintiff's attempted amendment was an act of vile deliberate delay and thus bad faith. The making of the PAC was, as it were, an act incident to the present instance, and as such an unalloyed organic function of the litigation process, without any intent to be venal or vile, notwithstanding the government's baseless assertions. Accordingly, the Plaintiff prays that this Court take into account that any delay in Justice impacts the Plaintiff as much if not more than the Defendants and as such asserts, respectfully, that Justice delayed is far more preferable than Justice denied.

Plaintiff also asserts that the Government would not be prejudiced by Plaintiff amending the complaint. The Government fails to mention any viable reason why they would be prejudiced in their response. Their argument that they would be burdened unfairly by requiring

more "additional fact and possibly expert discovery, expenditures, and delays."applies more than equally  to Plaintiff who is a solo practitioner who will need to put up-front additional disbursements and expenses and not be reimbursed until successful resolution of this instant action. The Court considers various elements when extending time in amending a complaint and in multiple instances where Justice militates it the Court has found that in assessing leave to amend a complaint, it must "simply determine that the proposed claims are colorable and not frivolous." Johnson-Tucker V. Loyola Sch., No. 23-CV-1351 (JGLC), 2024 U.S Dist. LEXIS 13473, at *$ (S.D.N.Y. Jan 25, 2024) (quoting Winstar Commc'ns, 2006 U.S Dist. LEXIS 7618, 2006 WL 473885, at *2.  Here justice militates this Court grant Plaintiff the right to amend his complaint.

Defendant alleges that Plaintiff's PAC is futile and should be denied. Plaintiff rejects this argument.  Plaintiff has properly alleged that ICE agents retaliated against him impermissibly because he essentially undermined their authority by reporting their abuses against him.( ¶¶73-74)  Plaintiffs allegations that the Defendant acted oppressively and impermissibly to punish the Plaintiff for exercising his rights falls squarely as an IIED claim under the Federal Torts Claim Act.  Moreover, Plaintiff  further alleges in the IIED portion of the claim that as a direct result of Plaintiff complaining about his abuse by agent Zapata he was further punished under this abusive pattern by being subjected to  a vicious and egregious assault by multiple ICE agents which is conspicuously captured on video. These acts he asserts are a piece of a pattern of IIED abuse and are inherently exemplified and clarified by the PAC.  The video depicts a vicious and seemingly inexplicable physical assault, culminating in Plaintiff being shackled and placed in a body bag, despite no previous contributory behavior that would merit such force.  As such though the assault and battery are referred to in the IIED claim they function only as a multiplier

6

of the IIED claim reinforcing the continuity of the patterned abuse meted out to the Plaintiff without necessarily replicating or duplicating the claim of assault and battery

### 3. THE AMENDED PRIMA FACIE TORT CLAIMS CAN WITHSTAND A MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6)

Defendant argues that Plaintiff's Prima Facie Tort claim as amended is futile because it does not sufficiently state special damages. Defendant argues that the damages number provided by Mr Gazaleh was not specifically measurable as damages incurred by the Plaintiff. Plaintiff avers that his specific occupational and educational metrics were used by Mr Gazaleh to establish a qualitative and quantitative economic loss that is uniquely based on Plaintiff's aggregate work and educational experience. As such Defendant has not presented any case law that specifically undermines Plaintiff's damages claim as being wholly speculative without any objective basis. Finally, the complained of act, the lawful transfer of an inmate in an improper manner, to wit: while fully restrained as shown in the video, fundamentally expresses the essence of a prima facie tort and defendant's argument that Plaintiff's PAC fails to establish the same lacks merit and must be rejected.

### CONCLUSION

Due to the aforesaid reasons, Plaintiff reaffirms their request for the original relief south on their motion to: i) grant leave to amend the complaint and ii) deny the Government's request for judgment on the pleadings with respect to the IIED and Prima Facie Tort Claims.

Dated: November 5, 2024
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

7

_____
Rehan Nazrali, Esq.